IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
AUSTIN DIVISION

FILED
2008 APR 21  PM 12: 58
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOHN DOE, | * | |
|    Plaintiff | | |
| | * | CIVIL NO. A08CA 293LY |
| v. | * | |
| | * | |
| FRANKLIN BANK, S.S.B., | | |
| ADMINISTAFF COMPANIES II, L.P., | * | JURY DEMAND |
| THERESA LEFLORE AS | | |
| REPRESENTATIVE OF | * | |
| ADMINISTAFF COMPANIES II, L.P., | | |
| JOYCE ERFURDT AS | * | |
| REPRESENTATIVE OF | | |
| FRANKLIN BANK, S.S.B.,  AND | * | |
| ADMINISTAFF COMPANIES II, L.P., | | |
| and JOANNE PARTRIDGE AS | * | |
| REPRESENTATIVE OF FRANKLIN | | |
| BANK, S.S.B, AND ADMINISTAFF | * | |
| COMPANIES II, L.P., | | |
|    Defendants | * | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOHN DOE, Plaintiff under pseudonym in the above-styled and numbered cause, and for Complaint against the Defendants would respectfully show the Court as follows:

### Nature of the Action

1.  This action involves discrimination on the basis of disability in violation of the Americans with Disabilities Act (ADA), alternatively, the Texas Commission on Human Rights Act -- Chapter 21 of Texas Labor Code, and includes related state-law torts based upon vicarious liability. Plaintiff files under a pseudonym to avoid public disclosure of highly personal information relating to his medical condition and disability.

**Parties**

2.  Plaintiff John Doe, is an individual and permanent resident of Travis County, Texas.  Plaintiff was co-employed by and worked for Defendants Franklin Bank, S.S.B., and Administaff Companies II, L.P., as a branch bank president in Travis County, Texas, at the time this cause of action arose.

3.  Defendant Franklin Bank, S.S.B., is doing business in the State of Texas, where its principal place of business and corporate headquarters are located at 9800 Richmond, Suite 680, Houston, Texas 77042.  Franklin Bank, S.S.B., ("Franklin Bank"), may be served with process by serving its President and Chief Operating Officer, Andy Black, at 4515 Seton Center Parkway #300, Austin, Texas 78759, if it declines to timely execute a waiver of summons, in accordance with local rules.

4.  Defendant Administaff Companies II, L.P., ("Administaff"),  is a Delaware limited partnership doing business in the State of Texas where its principal place of business and corporate headquarters are located at 19001 Crescent Springs Drive, Kingwood, Texas 77339-3802.  Administaff Companies, Inc., is the general partner of Administaff Companies II, L.P.  Administaff Companies II, L.P., may be served with process by serving its registered agent in Texas, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701, if it declines to timely execute a waiver of summons, in accordance with local rules.

5.  Defendant Theresa LeFlore, Administaff liaison for Franklin Bank, is an individual who may be served with process at Administaff, 4101 Interwood N. Parkway #100, Houston, Texas 77032-3864, if she declines to timely execute a waiver of summons, in accordance with local rules.

2

6.   Defendant Joyce Erfurdt, Senior Vice President of Human Resources for Franklin Bank, is an individual who may be served with process at Franklin Bank, 9800 Richmond, Suite 680, Houston, Texas 77042, if she declines to timely execute a waiver of summons, in accordance with local rules.

7.   Defendant Joanne Partridge, Senior Vice President of Administration for is Franklin Bank, an individual who resides in Travis County, Texas, and may be served with process at Franklin Bank, 1701 W. Parmer Lane, Suite 100, Austin, Texas 78727, if she declines to timely execute a waiver of summons, in accordance with local rules.

## Jurisdiction and Venue

8.   The Court has jurisdiction over this matter because it involves a federal question based upon the Americans with Disabilities Act.  28 U.S.C. 1331.  The Court has supplemental jurisdiction over Plaintiff's state law claims based upon related torts and the Texas Commission on Human Rights Act, pled alternatively to the ADA claim. Diversity jurisdiction also applies because Defendant Administaff is a Delaware company doing business in this state and the amount in controversy exceeds $75,000.

9.   Venue is proper in the Western District of Texas because all or part of the incidents giving rise to the causes of action herein pled, occurred in Travis County, Texas, arising from Plaintiff's employment in Travis County, Texas.

## Factual Allegations

10.  Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act of 1990 ("ADA") and the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code Chapter 21.

3

11.  Plaintiff's birthdate is March 12, 1956.  Plaintiff is a "covered employee" under the ADA and TCHRA.

12.  On or about December 9, 2005, Defendants Administaff Companies II, L.P. ("Administaff") and Franklin Bank, S.S.B. ("Franklin Bank"), as joint employers (collectively referred to as "employer" herein), hired Plaintiff as an employee to be the bank president of Franklin's new Parmer Lane Branch.

13.  On best information and belief, Franklin Bank and Administaff each have over 500 employees and are "covered employers" under the ADA and TCHRA.

14.  At the time Plaintiff completed his new-hire paperwork, he notified his employer that he is disabled.

15.  Plaintiff was able to perform the essential functions of his job with or without a reasonable accommodation.

16.  On April 21, 2006, Plaintiff's supervisor, Joanne Partridge, entered Plaintiff's Intensive Care Unit at St. David's Hospital in Austin, Travis County, Texas, and read his confidential medical chart while Plaintiff was incapacitated and unable to prevent her from observing his medical condition or from reading his medical chart.  Plaintiff's medical chart contained highly personal confidential information regarding his disability.

17.  Defendants became aware of Plaintiff's health insurance claims related to his disability and his Medicare coverage.

18.  From and after April 21, 2006, Plaintiff's supervisor, Joanne Partridge and others in management, including but not limited to, Defendants Theresa LeFlore, and Joyce Erfurdt, began treating Plaintiff differently and harassed him.

19.   Said managers, acting separately or in conspiracy, thereafter commenced a course of conduct that repeatedly interfered with Defendant's ability to do his job and resulted in serious consequences to his health status.  For example, Plaintiff was excluded from branch bank meetings and from factual e-mails especially those dealing with the building of the new bank branch, not provided with a performance review in accordance with company policy, and repeatedly subjected to inconsistent decisions and instructions from management, his direct supervisor, Joanne Partridge, in particular.  Plaintiff was thereby repeatedly misinformed so as to set him up for disciplinary action and cause unnecessary and unreasonable stress and exacerbate his health status.

20. On or about May 16, 2007, Plaintiff was given a written disciplinary notice for alleged violations that he did not commit.  A non-disabled employee and Plaintiff's non-disabled direct supervisor were responsible for the alleged violations, and neither of them were disciplined.

21.   On or about June 19, 2007, Plaintiff filed separate charges of disability discrimination against Franklin and Administaff.  On or about August 27, 2007, Plaintiff amended his charges of disability discrimination to include incidents occurring after June 19, 2007.  On February 25, 2008, Plaintiff received a Right to Sue Notice for each charge, dated February 22, 2008.

22.   On or about June 28, 2007, Plaintiff resigned his position as bank branch president effective August 3, 2007, because the working environment had become intolerable to any reasonable person and was unnecessarily and significantly affecting his health.

23. On or about July 3 and 9, 2007, Plaintiff notified his supervisor that he would have a serious medical procedure performed and would be out on medical leave July 16-17, 2007.

24. Plaintiff had earned several days of vacation and sick leave that had been unused as of July 12, 2007.

25. On or about July 12, 2007, the same supervisor told Plaintiff that there was no need for him to continue to come to the office but assured him that he would be fully paid through August 3, 2007. Plaintiff was not fully paid through August 3, 2007.

26. A non-disabled manager was allowed to work through her resignation date with full benefits.

27. On or about July 30, 2007, Plaintiff attempted to fill a medical prescription but was denied for lack of insurance. As a result of Plaintiff's inquiry regarding his not having insurance, he learned for the first time that he had been discharged on July 12, 2007.

28. Plaintiff had no notice from Administaff or Franklin Bank that his insurance had been cancelled until he received a COBRA notice on or about August 3, 2007.

29. Other employees assigned to Franklin Bank, or to other of Administaff's co-employers who are not disabled, do not have their employee health insurance benefits cancelled prior to the end of their payroll period and do not have their flex accounts blocked from access.

30. As a result of such acts and omissions, Plaintiff has suffered economic, physical, and mental damages. Plaintiff has lost wages and employee benefits, loss of earning capacity, damage to reputation, and other consequential losses. Plaintiff's

6

medical condition deteriorated and required additional treatment. Plaintiff suffered stress, anxiety, depression, sleeplessness, distress, mental anguish, and fear, among other things.

### First Cause of Action

### Violation of the Americans with Disabilities Act

31. Plaintiff pleads a cause of action based upon disability discrimination pursuant to the Americans with Disabilities Act ("ADA"). The allegation contained in paragraphs10 through 30 inclusive are hereby reaffirmed and reaverred and incorporated herein by reference as if fully set forth at length.

32. Plaintiff has exhausted all administrative remedies and met all procedural requirements for bringing this claim under the ADA. Plaintiff is within all applicable statutes of limitation for filing this civil action for violation of the ADA.

33. Plaintiff is a qualified individual under the Americans with Disabilities Act. Plaintiff has a physical impairment which substantially limits his ability to perform at least one major life activity. Plaintiff has a record of such impairment.

34. Plaintiff was discriminated against in that he was treated differently. Plaintiff was treated less favorably than non-disabled employees. Plaintiff was terminated from his employee insurance coverage shortly after he requested sick leave involving serious medical treatment. Others who are not disabled, as defined by the ADA, were allowed to take medical leave for serious medical treatment. Non-disabled employees or non-disabled employees who were not under Plaintiff's direct supervision and responsibility, were not harassed or harassed to the extent that Plaintiff and his team were harassed. Defendants did not interfere with non-disabled employees' ability to perform their duties

as they did Plaintiff. Defendants did not terminate non-disabled employees' group health insurance benefits during a resignation waiting period as they did Plaintiff. Plaintiff anticipates additional facts supporting the disrespect of his disability and less favorable treatment.

35. The discrimination suffered by Plaintiff was because of his disability or his record of having a disability, in whole or in part, and/or because he was retaliated against for filing a charge of discrimination and initiating a federal investigation thereof.

36. As a direct and proximate result of such acts and omissions, Plaintiff has suffered damages. Plaintiff has been directly and legally caused to suffer actual damages for bodily injury and economic losses including, but not limited to, serious health consequences, past and future loss of earnings, loss of earning capacity, damage to reputation, costs of medical expenses, loss of employee benefits, attorney's fees, costs of suit, and other similar pecuniary and nonpecuniary losses not presently ascertained, in an amount to be proved at trial, the sum of such damages exceeding the minimum jurisdictional requirements of this Court.

37. As a further direct and proximate result of said alleged acts, Plaintiff has suffered, continues to suffer, and likely will suffer in the future diminished health status and mental anguish, more particularly described as follows: severe emotional distress, embarrassment, worry, fear associated with a significantly diminished health status, sleeplessness, depression, discomfort, and severe anxiety, the sum of such damages exceeding the minimum jurisdictional requirements of this Court.

### Second Cause of Action

### Violation of the Texas Commission on Human Rights Act

38.   Alternatively, Plaintiff pleads a cause of action based upon disability discrimination pursuant to the Texas Commission on Human Rights Act, Chapter 21 of the Texas Labor Code ("TCHRA").   The allegation contained in paragraphs 10 through 30 inclusive are hereby reaffirmed and reaverred and incorporated herein by reference as if fully set forth at length.

39.   Plaintiff is a member of a protected class because Plaintiff has a disability as defined under the TCHRA and a record of such disability.

40.   Plaintiff's physical condition did not impair his ability to reasonably perform his job as bank branch president for Franklin Bank.

41.   Plaintiff suffered one or more adverse employment actions as described in this Complaint and reaverred herein.   In particular, in addition to being subjected to chronic harassment and outrageous intrusive incidents, Plaintiff was written up, constructively discharged, and discharged.

42.   Other non-disabled managers were not subjected to the same or similar chronic harassment and outrageous intrusive incidents or to the same extent as Plaintiff and were not written up for similar alleged infractions, constructively discharged, and discharged under the same or similar circumstances.

43.   The discrimination suffered by Plaintiff was because of his disability or his record of having a disability, in whole or in part, and/or because he was retaliated against for filing a charge of discrimination and initiating a federal investigation thereof.

9

44.   As a direct and proximate result of such acts and omissions, Plaintiff has suffered damages. Plaintiff has been directly and legally caused to suffer actual damages for bodily injury and economic losses including, but not limited to, serious health consequences, past and future loss of earnings, loss of earning capacity, damage to reputation, costs of medical expenses, loss of employee benefits, attorney's fees, costs of suit, and other similar pecuniary and nonpecuniary losses not presently ascertained, in an amount to be proved at trial, the sum of such damages exceeding the minimum jurisdictional requirements of this Court.

45.   As a further direct and proximate result of said alleged acts, Plaintiff has suffered, continues to suffer, and likely will suffer in the future diminished health status and mental anguish, more particularly described as follows:  severe emotional distress, embarrassment, worry, fear associated with a significantly diminished health status, sleeplessness, depression, discomfort, and severe anxiety, the sum of such damages exceeding the minimum jurisdictional requirements of this Court.

## Third Cause of Action

### Negligence

46.   Plaintiff pleads a cause of action against Defendants Joanne Partridge, Theresa LeFlore, and Joyce Erfurdt, in their representative capacities, for negligence. The allegations contained in all of the paragraphs of this Complaint, in particular paragraphs 10 through 30,  are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth at length.

47.   On the occasions in question, Defendants Partridge, LeFlore, and Erfurdt owed a duty to Plaintiff to exercise reasonably prudent and ordinary care in their

relationship with Plaintiff and in Plaintiff's personal life and professional life.   Said Defendants violated this duty by negligently misusing Plaintiff's highly personal information, including but not limited to, information or gossip about his medical condition, and by failing to act as a reasonably prudent person would have under the same or similar circumstances, including but not limited to, entering into Plaintiff's ICU room, reading Plaintiff's medical chart, disclosing highly personal information to third parties who did not have Plaintiff's permission to receive such information, obtaining highly personal information from third parties without Plaintiff's permission, and using Plaintiff's highly personal information about his medical condition and health status to threaten, intimidate, or otherwise distress Plaintiff, directly or indirectly, alone or in conspiracy with the other Defendants.

48.   A reasonably prudent person would not have engaged in the conduct described herein and reaverred.

49.   As a direct and proximate result of such acts and omissions, Plaintiff has suffered damages. Plaintiff has been directly and legally caused to suffer actual damages for bodily injury and economic losses including, but not limited to, serious health consequences, past and future loss of earnings, loss of earning capacity, damage to reputation, costs of medical expenses, loss of employee benefits, attorney's fees, costs of suit, and other similar pecuniary and nonpecuniary losses not presently ascertained, in an amount to be proved at trial, the sum of such damages exceeding the minimum jurisdictional requirements of this Court.

50.   As a further direct and proximate result of said alleged acts, Plaintiff has suffered, continues to suffer, and likely will suffer in the future diminished health status

and mental anguish, more particularly described as follows:  severe emotional distress, embarrassment, worry, fear associated with a significantly diminished health status, sleeplessness, depression, discomfort, and severe anxiety, the sum of such damages exceeding the minimum jurisdictional requirements of this Court.

### Fourth Cause of Action

### Gross Negligence

51.  Plaintiff pleads a cause of action against Joanne Partridge, Joyce Erfurdt, and Theresa LeFlore for gross negligence in their representative capacities.  The allegations contained in all of the paragraphs of this Complaint, in particular paragraphs 10 through 30, are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth at length.

52.   Defendants Partridge, Erfurdt, and LeFlore were grossly negligent by misusing Plaintiff's medical condition and his highly personal health information in a manner and to such an extent so as to cause him personal and professional harm, bodily injury, emotional distress, and economic distress, which caused additional mental anguish and distress.

53.  Said Defendants proceeded with this course of conduct or inaction despite the obvious danger to Plaintiff—despite the fact that said Defendants well knew that their grossly negligent conduct would in all likelihood unreasonably expose Plaintiff to such an obvious danger.   Clear and convincing evidence proves said Defendants acted willfully, or with such an entire want of care indicating a conscious indifference to the rights or welfare of Plaintiff that the actions of said Defendants were heedless and

reckless.  Given the willful and/or conscious indifference of these Defendants, Plaintiff is entitled to punitive damages.

### Fifth Cause of Action

### Invasion of Privacy

54.  Plaintiff pleads a cause of action against Defendants Theresa LeFlore, Joyce Erfurdt, and Joanne Partridge for invasion of privacy in their representative capacities. The allegations contained in all of the paragraphs of this Complaint, in particular paragraphs 10 through 30,  are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth at length.

55.  Defendants LeFlore and Erfurdt intentionally invaded Plaintiff's mental and physical solitude, seclusion, and private affairs by intentionally engaging in the conduct alleged herein and reaverred and by acquiring highly personal information that Plaintiff was compelled to disclose or from others, disclosing Plaintiff's highly personal information to third parties who did not have Plaintiff's permission to receive such information or were not privileged, and berating and harassing Plaintiff in a manner and to an extent that would tend to harm him.  Plaintiff had a reasonable expectation of privacy in his private affairs and with his highly personal information.  Defendants did not have a legitimate business reason to harass Plaintiff in numerous ways using Plaintiff's highly personal information in an abusive manner.

56.  Said Defendants intended such acts for the purpose of invading the Plaintiff's privacy.  Said acts were offensive, embarrassing, objectionable, and unreasonably invaded the privacy of the Plaintiff and would have offended any reasonable person.

57. Such acts were made without consent, permission, or privilege. As a direct and proximate result of said acts, Plaintiff has suffered and will suffer past, present, and future mental distress and anguish.

58. As a direct and proximate result of said Defendant's actions, inactions, customs, practices, and policies, and said Defendant's invasion of Plaintiff's rights to privacy, Plaintiff has suffered damages in excess of the minimum jurisdictional limits of this Court, more particularly described in paragraphs 36 and 37 in this Complaint.

### Sixth Cause of Action

### Vicarious Liability for Acts of Vice-Principals and Agents

59. Plaintiff pleads a cause of action against Defendants Franklin Bank and Administaff for vicarious liability arising from the acts of Joanne Partridge, Joyce Erfurdt, and Theresa LeFlore. The allegations contained in all of the paragraphs of this Complaint, in particular paragraphs 10 through 30, 46-50, 51-53, and 54-58 are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth at length.

60. At the time of the incidents in question, and at all times relevant to the lawsuit, Defendants Joanne Partridge, Joyce Erfurdt, and Theresa LeFlore were vice-principals and/or agents, servants, and employees of Defendants Franklin Bank and/or Administaff, and at the time of the incidents in question were acting as vice-principals and/or in the course and scope of their authority as agents, servants, and employees of Defendant co-employers, Franklin Bank and Administaff. In particular:

61. Joanne Partridge entered Plaintiff's ICU room and read his medical chart on April 21, 2006, and thereafter Partridge, LeFlore, and Erfurdt harassed Plaintiff, misused

his highly personal information, and terminated Plaintiff to serve the purpose of Franklin Bank and Administaff;

62.  Said Defendants' actions would have benefited either or both Franklin Bank or Administaff;

63.  Said Defendants'activities on the days of the incidents were authorized by either or both Franklin Bank or Administaff;

64.  The time, place, and manner of said Defendants' activities were within Franklin Bank's and/or Administaff's authorization; and

65.  Said Defendants' activities were motivated by a desire to benefit Franklin Bank and/or Administaff.

66.  Pursuant to the doctrines of respondeat superior and vice principal, said Defendants' negligence, gross negligence, and invasion of privacy, as described in greater particularity, is imputed to Franklin Bank and Administaff.

67.  Each of the above-described and reaverred acts and omissions, singly or in combination with others, constituted negligence, gross negligence, and invasion of privacy which proximately caused the damages Plaintiff suffered, which are in excess of the minimum jurisdictional limits of this Court and more particularly described in paragraphs 36 and 37.

## Punitive Damages

68.  As a consequence of the foregoing clear and convincing facts and the willful and malicious nature of the wrongs committed against the Plaintiff, which damaged his reputation and caused him bodily injury and mental anguish, Plaintiff is entitled to exemplary damages in excess of the minimum jurisdictional limits of this Court, in an

amount that would discourage these Defendants from committing such acts of negligence, gross negligence, or invasion of privacy in the future against others similarly situated.

### Mental Anguish

69.  As a consequence of the foregoing facts and the willful and malicious nature of the wrongs committed against the Plaintiff, Plaintiff suffered and will suffer past, present, and future severe mental anguish, for which he pleads to recover at trial.  The damages for said mental anguish exceed the minimum jurisdictional limits of this Court.

### Jury Demand

70.  Plaintiff demands that this Court empanel a lawful jury to hear this case.

### Reservation of Rights

71.  Plaintiff specifically reserves the right to bring additional causes of action against the Defendants and to amend this Complaint as necessary pursuant to rules and leave.

### Prayer

72.  WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of Plaintiff against Defendants, jointly and severally, in an amount in excess of the minimum jurisdictional limits of this Court, for compensatory damages and punitive damages with respect to the statutory and tort claims in an amount being just, for reasonable attorney's fees, reasonable paralegal fees, costs of court, and pre- and post-judgment interest at the highest rate allowed by law, and also enter an order revoking any license enabling Defendants, or any of them, to operate in Texas and revoking any

certificate authorizing Defendants, or any of them, to do business in Texas if any judgment rendered in this case has not been satisfied within three (3) months from the date of filing said final judgment, and for such other and further relief, general or special, at law or in equity, to which Plaintiff may be justly entitled.

Date:  April 21, 2008.

Respectfully submitted,

Law Offices of Lin L. Blansit

By:

Lin L. Blansit
Texas State Bar No. 02458500

1411 West Avenue, Suite 200
Austin, Texas 78701-1537
Telephone:  512/499-0900
Telecopier:  512/474-5594
eMail:  lblansit@1411west.com

ATTORNEYS FOR PLAINTIFF