IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN DOE,<br>    Plaintiff | * | |
| v. | | |
| | * | |
| FRANKLIN BANK, S.S.B.,<br>FRANKLIN BANK CORP., | | CIVIL NO. A08-CA-293LY |
| ADMINISTAFF COMPANIES II, L.P., | * | JURY DEMAND |
| THERESA LEFLORE AS<br>REPRESENTATIVE OF | * | |
| ADMINISTAFF COMPANIES II, L.P.,<br>JOYCE ERFURDT AS | * | |
| REPRESENTATIVE OF<br>FRANKLIN BANK, S.S.B.,  FRANKLIN | * | |
| BANK CORP. AND  ADMINISTAFF<br>COMPANIES II, L.P.,  and | * | |
| JOANNE PARTRIDGE AS<br>REPRESENTATIVE OF FRANKLIN | * | |
| BANK, S.S.B, FRANKLIN BANK<br>CORP. AND ADMINISTAFF | * | |
| COMPANIES II, L.P.,<br>    Defendants | * | |

**PLAINTIFF'S COLLECTIVE RESPONSE OPPOSING DEFENDANTS'
MOTIONS FOR MORE DEFINITE STATEMENT UNDER FRCP 12(e),
PLAINTIFF'S REQUEST TO PROCEED UNDER PSEUDONYM, AND
PLAINTIFF'S REQUEST FOR PROTECTIVE ORDER**

1.    COMES NOW, JOHN DOE, plaintiff under pseudonym, collectively (1)

responding to the separate motions for Defendants Franklin Bank S.S.B. ("Franklin

Bank"), Administaff Companies II, L.P. ("Administaff"), and in their representative

capacities, Theresa LeFlore ("LeFlore"), Joyce Erfurdt ("Erfurdt"), and Joanne Partridge

("Partridge"), for a more definite statement in which they object to Plaintiff filing suit

under a pseudonym; (2) requesting to proceed under pseudonym and under the standard

Western District Protective Order; (3) reserving for a later time without waiving his

objections to Defendants' Rule 12(b)(6) motions,  and respectfully shows the Court:

2.  Failure to maintain Mr. Doe's anonymity in this litigation would violate the public policy of the State of Texas as evidenced, by way of example, in Subchapter F of the Texas Health & Safety Code and Sections 81.101, 81.103, 81.104, and 81.046 thereof, as well as federal public policy such as evidenced by HIPAA prohibiting disclosure of highly personal information.

3.  Failure to maintain Mr. Doe's anonymity in this litigation would be contrary to the Fifth Circuit's standard for allowing a plaintiff to proceed under a pseudonym and against the balancing test between Mr. Doe's need for anonymity and the public's interest in knowing his identity or Defendants' need to identify him or have his name in the style and body of the pleadings.  Defendants have no special needs requiring that Mr. Doe use his real name in this lawsuit because they already know Mr. Doe's identity and the highly confidential information the improper use of which is the subject of this lawsuit, and Plaintiff will furnish medical information in accordance with the rules of discovery.

4.  The defense's motives are suspect in the matter at hand for several reasons.  By filing their motions objecting to Plaintiff's use of a pseudonym, Defendants further their course of humiliation and intimidation against Mr. Doe, introduce the Court to their defense fiction that they are unaware of Mr. Doe's identity and his medical condition, and cause further delays in Mr. Doe's prosecution of his claims and, most importantly, in his discovery of the testimony and evidence in Defendants' possession or under their control.  Further, the Companies' defense counsel have represented all defendants throughout this litigation, including their proceedings to halt discovery and stay *John Doe v. Theresa LeFlore, Dina Street, Joyce Erfurdt, and Joanne Partridge* (state tort claims filed in state district court against the named Defendants in their personal, individual capacities and

necessitated by a statute of limitation that fell during defense counsel's insupportable removal of *John Doe v. Joanne Partridge* to federal court [1:08-CV-0261] ).  Defendants have not filed motions objecting to Plaintiff's use of a pseudonym in either of the state court companion cases   See, Exhibits "A" and "B" (state court petitions) attached hereto by true and correct copy and incorporated herein by reference.

## Summary of Factual Allegations

5.  The evidence will show the following facts are true and correct, although they are only a brief, non-inclusive summary pertinent to this pleading:   John Doe is a hardworking, competent professional banker.  Mr. Doe commenced working for Franklin Bank and Administaff, co-employers, (the "companies"), on or about December 9, 2005, and worked as the president of the north Austin, Parmer Lane branch of Franklin Bank. After he was hired, Mr. Doe completed new-hire paperwork indicating an unspecified disability, although Mr. Doe is a long-term survivor of HIV+/AIDS, a fact that he sought to keep confidential. See, Exhibit "C" (Dr. Werntz's sworn medical certification), attached hereto by true and correct copy and incorporated herein by reference.  Mr. Doe requested special equipment, a suitable desk chair and keyboard for symptoms and related disease of his joints.  Neither was provided by the companies.

6.  Thereafter, Mr. Doe had a critical, medical crisis and was in the ICU at St. David's North Austin Medical Center.  While he was alone and unable to protect himself from intrusion into his private affairs, Joanne Partridge, a senior vice president of Franklin Bank, slipped past warning signs and entered Mr. Doe's  critical care bedside, observed his physical condition, and read his medical chart, which contained his primary diagnosis.  Thereafter, Partridge and the other named individuals engaged in a course of

conduct that humiliated Mr. Doe, interfered with his ability to do his job, and used his highly personal confidential medical information, including but not limited to, his primary diagnosis and/or medical vulnerabilities in connection therewith, to unmercifully harass him.  Mr. Doe filed a charge of discrimination and then constructively discharged himself due to the hostile environment and its negative effect on his medical condition. Before his resignation date, Mr. Doe notified Defendants that he was having a serious medical procedure performed and would need to use two days of his accumulated paid leave.  Defendants promptly terminated Mr. Doe's employment, which initiated the termination of his health insurance for the procedure and the pharmacy coverage for his life-saving medications, as well as his access to his flex account with his accumulated contributions.  Defendants wholly failed to notify Mr. Doe that they were cancelling his benefits before his scheduled medical surgery and failed to promptly notify him that he could or should obtain costly COBRA coverage.

### Procedural Background of Litigation

7.  Plaintiff has been attempting to commence the prosecution of his claims and initiate discovery of the evidence in Defendants' possession and under their control since Plaintiff filed requests for disclosure under Texas Rules of Civil Procedure in his original petition on March 10, 2008 (*John Doe v. Joanne Partridge* [invasion of privacy] ).  See, the Procedural History of Plaintiff's claims, attached hereto as Exhibit "D" and incorporated herein by reference.

### Legal Authorities Favor Plaintiff's Use of a Pseudonym

8.  Although the Federal Rules of Civil Procedure do not expressly prohibit or condone use of pseudonyms for purposes of litigation, courts recognize that "lawsuits are

public events and the public has a legitimate interest in knowing the facts involved in them.  Among those facts is the identity of the parties." *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D.Mont. 1974).  See also, FRCP 10(a).  Courts, however, have increasingly recognized an exception to this requirement in limited "matters of a sensitive and highly personal nature." *Id.* at 653; see also, *Doe v. Merten,* C.A. 03-1113-A, p. 10 (E.D.Va. 2004, mem.opinion); *Southern Methodist Univ. Ass'n of Women Law Students v. Wayne & Jaffe,* 599 F.2d 707, (5th Cir. 1979).  Plaintiffs have been allowed to proceed anonymously in many instances, including the following reported cases, by way of example: abortion: *Roe v. Wade,* 410 U.S. 113 (1973); reproduction and birth control: *James v. Jacobson,* 6 F.3d 233 (4th Cir. 1993); welfare cases involving illegitimate children: *Doe v. Carlson*, 356 F.Supp. 753 (N.D.Cal. 1973) and *Doe v. Lavine*, 347 F.Supp. 357 (S.D.N.Y. 1972); transexuality: *Doe v. McConn*, 489 F.Supp. 76 (S.D.Tex. 1980); and homosexuality:  *Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) and *Doe v. Chafee*, 355 F.Supp. 112 (N.D.Cal. 1973).  Such situations share a need to shelter the anonymous plaintiff from "social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of plaintiff's identity. *Doe v. Hallock,* 119 F.R.D. 640, 644 (S.D.Miss. 1987). The Ninth Circuit while recognizing "that identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity" also noted that "[w]here it is necessary, however, to protect a person from harassment, injury, ridicule or personal embarrassment, courts have permitted the use of pseudonyms." *United States v. Doe,* 655 F.2d 920, 929 (9th Cir. 1981).  The Supreme Court has given implicit recognition to the use of pseudonyms. See, for

example, *Roe v. Wade*, 410 U.S. 113 (1973); *Doe v. Bolton*, 410 U.S. 179 (1973); *Poe v. Unman*, 367 U.S. 497 (1961). The Fifth Circuit Court of Appeals has likewise implicitly permitted the use of pseudonyms. For example, *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981); *Doe v. Myspace, Inc.,* Case No. 07-50345, (5th Cir. 5-16-2008).

9. In *Does I thru XXIII v. Advanced Textile Corporation*, 214 F.3d 1058 (9th Cir.2000), the Ninth Circuit Court of Appeals joined a number of its sister circuits and expressly held "that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. This principal is followed by the Fifth Circuit in *Doe v. Stegall*, 653 F.2d at 186. The Fifth Circuit also holds that a district court's denial of a Doe's motion for a pseudonym is an appealable collateral order. *Id.* at 183, comparing the *Stegall* procedural circumstances to those in *Southern Methodist Univ. Ass'n of Women Law Students v. Wayne & Jaffe*, 599 F.2d 707, (5th Cir. 1979).

10. In deciding whether to allow a plaintiff to plead anonymously, courts employ a balancing test to decide if the plaintiff has a substantial privacy interest outweighing the presumption of openness in judicial proceedings. District courts have identified several factors to consider in employing the balancing test. The factors include:

(1) whether the plaintiff is challenging governmental activity;
(2) whether the party defending the suit would be prejudiced;
(3) whether the plaintiff is required to disclose information of the utmost intimacy;
(4) whether the plaintiff is compelled to admit an intention to engage in illegal conduct, thereby risking criminal prosecution;
(5) whether the plaintiff would risk suffering the injury identified;
(6) whether the interests of children are at stake; and
(7) whether there are less drastic means of protecting the legitimate interests of either party.

*Doe v. Frank,* 951 F.2d 320, 232 (11th Cir. 1992).   In the instant matter, factors two, three, five, and seven are applicable.  Mr. Doe satisfies all of those factors.

11.   The second factor is whether the party defending the suit would be prejudiced. This factor generally comes up where the defendants are unaware of the identity of the plaintiff and would have difficulty in crafting a defense. See, *Does I thru XXIII v. Advanced Textile Corporation,* 214 F.3d at 1072.   That is not the case in the instant matter.  The Complaint and First Amended Complaint allege facts with sufficient specificity that Defendants are able to identify Doe from their own recollection of the EEOC investigation or termination proceedings or from a simple review of their files. See, Exhibit "E" (EEOC Charges) attached hereto by true and correct redacted copy and incorporated herein by reference.

12.   Additionally, counsel for Doe has already discussed this case and engaged in proceedings with the defense counsel who filed the subject motions for more definitive statement, and they knew Doe's identity during those proceedings when they argued about his allegations at length.  See, Exhibits. "A," "B," and "D" (petitions & history).

13.   In the event Defendant's motions are denied and Plaintiff's requests to proceed under a pseudonym and for a Western District protective order are granted, Plaintiff's counsel is willing to send a confidential letter via certified mail, return receipt requested, to Defendants' counsel advising her of Mr. Doe's identity in order to satisfy the Court that Defendants are truly advised of Doe's identity and ensure that Defendants are not prejudiced in preparing their defense. However, Defendants would not be prejudiced by Doe proceeding under a pseudonym because they are already aware of Doe's identity and they already have his confidential, identifying information.

14. Further, Defendants' excuse that they cannot get Plaintiff's medical records without using Plaintiff's name is patently without merit. Plaintiff will provide his medical records in accordance with discovery rules, redacted in name but revealing his birth date or last four digits of his Social Security number or otherwise authenticated. See, First Amended Complaint, para. 11 (identifying Doe's birth date). Defendants' excuse that they must have Plaintiff's name in the style and body of pleadings in this case before they can obtain evidence is not legitimate, as demonstrated by the cases allowed under a pseudonym in the U.S. Supreme Court or in numerous U.S. district and appeals courts, including this Court and the Fifth Circuit. Defendants can use their copies of the Charges and the Complaint to obtain EEOC records for this lawsuit. See, Exh. "E."

15. The important issues in this case address whether Defendants can use Doe's highly personal, confidential medical information as a means or as a reason to harass and humiliate him. Disguising Plaintiff's identity in this case will not obstruct public scrutiny of the important social and legal issues presented by this case. *Id.*

16. The Third factor--whether Doe would be required to disclose information of the utmost intimacy--, and the Fourth factor—whether Doe would risk suffering the injury identified--, can be discussed together in this situation. Few infectious diseases carry a worse stigma in our society than that associated with Doe's primary diagnosis. It is common knowledge that social ostracism, shunning, and public ridicule can result from disclosure of this diagnosis. The State of Texas has recognized the personal devastation caused by such disclosure by enacting specific statutes that carry criminal and civil penalties for disclosing the HIV+/AIDS diagnosis. See, Subchapter F, Texas Health & Safety Code, in particular, Sections 81.101, 81.103, 81.104, and 81.046.

17.  To prosecute his case for disability discrimination/retaliation and vicarious liability for misuse of his intimate medical information, Doe will be forced to reveal during the litigation the same type of information of utmost intimacy that is the subject of his Complaint alleging wrongful disclosure and misuse thereof.   Such information would not otherwise become a matter of public record but for Defendants doing what they did, necessitating this lawsuit.   Doe has established the Third and Fourth factors the Court must consider in allowing Doe to proceed under pseudonym.

18.  The final factor is whether there are any less drastic means of protecting the legitimate interests of the parties.   Doe offers that there is no less drastic means available to protect his special privacy interest relating to his medical diagnosis and that the Western District Protective Order is also necessary to assure against Defendants further abuse of his highly confidential medical information by telling third-parties and the public who he is or that a document or transcript refers to him.   This process of pseudonym/standard protective order is far less drastic than sealing the court records, which would prevent the public from all access to the proceedings and issues.  (Plaintiff concedes that the public has an interest in the social and legal implications of this case.) Defendants cannot be trusted to go about unfettered with Doe's sensitive and highly personal information and they are not prejudiced because they already know his identity and have the rules of procedure and discovery to protect their ability to mount their defense.

## Conclusion and Prayer

19.  Under Fifth Circuit law, this Court has the power to allow John Doe to proceed under a pseudonym in litigating this matter.   The Court is called upon to apply a

balancing test between Doe's privacy interests and the interest of the public in knowing Doe's identity. Doe has satisfied all four of the balancing factors that are applicable to this case. Defendants are aware of Doe's true identity and will not be prejudiced in preparing a defense to this case, the public is apprised of all important issues regarding the case and the public policies at issue, and Doe will not be required to disclose his identity and have is associated with his particular disability. Defendants' only real interest in making public John Doe's name is to further retaliate against Doe, humiliate and embarrass him, and discourage him from coming forward against their violations of law and public policy. Defendants seek to further delay this lawsuit with their motions.

20. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Court deny the motions for a more definite statement filed by Defendants Franklin Bank S.S.B., Administaff Companies II, L.P., and in their representative capacities, Theresa LeFlore, Joyce Erfurdt, and Joanne Partridge; grant Plaintiff's request to proceed under a pseudonym in this litigation, and grant Plaintiff's request for the standard Western District of Texas Protective Order, and for such other and further relief in law or equity to which Plaintiff may be entitled by this Response.

Date: July 2, 2008.

Respectfully submitted,

Law Offices of Lin L. Blansit

By: _____
       Lin L. Blansit
       Texas State Bar No. 02458500

1411 West Avenue, Suite 200
Austin, Texas 78701-1537
Telephone: 512/499-0900
Telecopier: 512/474-5594

eMail:  lblansit@1411west.com
ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify on the 2nd day of July, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Danielle Herring
Littler Mendelson, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Attorney for Defendants Franklin Bank,
S.S.B., Franklin Bank Corp., Administaff
Companies II, L.P., Theresa LeFlore,
Joyce Erfurdt, and Joanne Partridge

Lin Blansit

Cause No. **D-1-GN-**_08 000838_ _____

| | | |
|---|---|---|
| JOHN DOE, | * | IN THE DISTRICT COURT OF |
|     Plaintiff | * | |
| | * | |
| v. | * | TRAVIS COUNTY, TEXAS |
| | * | |
| JOANNE PARTRIDGE, | * | |
|     Defendant | * | THE 345 JUDICIAL DISTRICT |

*Filed in the District Court*
*of Travis County, Texas*

*MAR 10 2008*

*At _____*
*Amalia Rodriguez-Mendoza, Clerk*

## ORIGINAL PETITION
### WITH JURY DEMAND AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, John Doe, Plaintiff under pseudonym in the above-styled and numbered cause, complaining of Joanne Partridge, Defendant, and would respectfully show the Court as follows:

### I.  Discovery Control Level

    **1.** Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 because the amount in controversy exceeds $50,000, excluding costs, pre-judgment interest, and attorney's fees.

### II. Parties

    **2.** Plaintiff, John Doe, [hereinafter "Doe"], is an individual who comes forward under a pseudonym to protect against public disclosure of highly confidential information that could subject Plaintiff to the same or similar misconduct in the future as alleged herein. Plaintiff was a resident of Travis County, Texas, at the time of the acts and omissions of Defendant giving rise to this lawsuit and is currently a non-resident who can be contacted by and through his undersigned attorney of record.

# EXHIBIT "A"

3.   Defendant, Joanne Partridge, [hereinafter "Partridge"], is an individual who is a resident of Texas and is believed to reside in Travis County, Texas, where she was doing business at the time of the incidents in question.  She may be served with process by serving her at her place of business:  Franklin Bank, 1701 W. Parmer Lane, Suite 100, Austin, Texas 78727.

### III. Jurisdiction

4.   This Court has jurisdiction over Defendant Partridge because she is a resident of Texas, conducts business activities and committed one or more torts in Travis County, Texas, and as a proximate result of such acts and omissions, Plaintiff suffered damages in excess of the minimum jurisdictional limits of this Court, for which Plaintiff herein sues.

### IV. Venue

5.   Venue is proper in Travis County, Texas, because all or part of the incidents giving rise to Plaintiff's cause of action occurred in Travis County, Texas.

### V. Factual Allegations

6.   Plaintiff Doe is a banker.  As a result of his application to Administaff, Inc., Plaintiff was referred to a job vacancy at Franklin Bank in July, 2005.  He was interviewed by Defendant Partridge, Franklin Bank Senior Vice President, who asked him many highly personal questions, including but not limited to, how his health was, if he were married, and how many children he had.  On or about December 12, 2005, Plaintiff commenced working for Administaff and Franklin Bank, co-employers, as the anticipated president of its new Parmer Lane branch, which was under construction. Plaintiff eventually assumed that position upon completion of said facility.  At the time of the incidents giving rise to this suit, Plaintiff was under the direct supervision of

Defendant Partridge, who had unfettered authority over Plaintiff's employment status and access to his highly personal information.    It is alleged that Partridge maneuvered situations in a manner that would provide her with the opportunity to engage in conduct that subjected Plaintiff to continual berating and harassment in his private affairs and professional relationships.

7.  Plaintiff is informed and believes and thereon alleges that on or about April 21, 2006, Defendant Partridge, who by means of her administrative position with Franklin Bank/Administaff, acquired from Plaintiff the knowledge that Plaintiff had suffered a severe medical crisis and was confined to the Intensive Care Unit ("ICU") at St. David's North Austin Medical Center ("St. David's").  Partridge knew that she was not a member of Plaintiff's family, part of his inner circle of friends, authorized to receive his highly personal medical information from St. David's, or authorized to enter his room and observe his physical condition.  Partridge disregarded barriers to the ICU entrance that included doors and warning signs forbidding entry into the ICU by unauthorized persons, entered the ICU area, located Plaintiff in his ICU room, and entered therein.  Plaintiff, unable to protect himself from such intrusion, first noticed Partridge while she was reading his private medical chart.  Said chart contained highly confidential medical information, including test results and records related to his medical status and disability, as that term is legally defined.  Plaintiff instructed Partridge to leave his room, or words to that effect.  With knowledge of Plaintiff's medical vulnerabilities, Partridge did then and there, and thereafter, engage in a course of conduct that was directed at Plaintiff's medical weaknesses, to and for her personal benefit and advantage, with complete disregard for Plaintiff's safety and welfare.

3

**8.** Plaintiff is informed and believes and thereon alleges that commencing with Defendant Partridge's offensive intrusion into Plaintiff's ICU hospital room, and continuing thereafter, Defendant engaged in a despicable course of conduct which included, among other things, repeated interference with Plaintiff's access to and use of medically related leave in December, 2006, January, 2007, and July, 2007, as well as his access to and use of medically related employee benefits covering his medical care during his employment and afterward.   To accomplish her course of harassment, Defendant utilized Plaintiff's highly personal information to which Defendant had access only as a result of her position of employment or as acquired by her as an intruder into Plaintiff's ICU hospital room.   At all such times, Defendant was acting on her own behalf and for her own self-interest.

**9.** Plaintiff is informed and believes and thereon alleges that from and after the intrusion on April 21, 2006, Defendant Partridge intentionally berated and harassed Plaintiff in numerous ways, including but not limited to, making false statements about Plaintiff, interfering in various ways with Plaintiff's job responsibilities and those of persons for whom his was accountable, and manipulating others so as to deprive Plaintiff of his good reputation and benefits of employment.   At all such times, Defendant was acting on her own behalf and for her own self-interest.

**10.** In June, 2007, Plaintiff filed a disability discrimination charge against his co-employers, directly implicating Partridge as the primary harasser.   Plaintiff is informed and believes and thereon alleges that by June 28, 2007, Defendant's harassment had become intolerable, detrimentally impacting on Plaintiff's medical status and disability. As a consequence, Plaintiff resigned on that date, effective August 3, 2007, in accordance

with the company policy requiring lengthy notice from managers at Plaintiff's executive level.  On or about July 3, 2007, Plaintiff notified Partridge that he anticipated taking medical leave July 16-17, 2007, for a surgical procedure that was tentatively scheduled. On or about July 9, 2007, Plaintiff confirmed his medical leave with Partridge for July 16-17, 2007.   On July 12, 2007, Partridge initiated the immediate termination of Plaintiff's group health and pharmacy insurance and his employee flex account, including coverage for his planned surgery, his life-saving medications, and routine and emergency medical care and treatment.  At all such times, Defendant was acting on her own behalf and for her own self-interest.

## VI. Cause of Action

11.    Plaintiff is informed and believes and thereon alleges that Defendant Partridge impermissibly intruded into Plaintiff's seclusion or personal life.  As a consequence, Plaintiff pleads a cause of action against Partridge for invasion of privacy. The allegations and facts contained in all of the paragraphs of this Petition are hereby reaverred and realleged for all purposes and incorporated herein by reference with the same force and effect as if set forth verbatim under this section.

12.    Plaintiff is informed and believes and thereon alleges that Defendant Partridge intentionally invaded Plaintiff's mental and physical solitude, seclusion and private affairs by intentionally engaging in any or all of the acts described hereinabove and including, but not necessarily limited to, asking intensely personal questions, intruding into his private ICU room, reading his private medical chart, continually berating and harassing Plaintiff,  obtaining highly personal information that the Plaintiff was under a compulsion to provide, and using Plaintiff's highly personal information to

5

deprive him of access to medical leave and hinder or prevent his access to his medical benefits and treatment, causing him emotional distress and bodily harm, among other things.

13. Plaintiff had a reasonable expectation of privacy in and to his private affairs. Plaintiff avers and alleges that the subject intrusions were embarrassing, objectionable, and highly offensive to him, unreasonably invaded his privacy, and would be highly offensive to a reasonable person under the same or similar circumstances. Plaintiff is informed and believes and thereon alleges that Partridge intended such acts for the purpose of invading Plaintiff's privacy, and Plaintiff avers and alleges that such acts were made without consent, permission, or privilege. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Defendant's alleged acts, Plaintiff has suffered damages in excess of the minimum jurisdictional limits of this Court, as more particularly described below.

14. Plaintiff is informed and believes and thereon alleges that by the aforesaid alleged acts of Defendant Partridge, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, past and future loss of earnings and loss of earning capacity, costs of medical expenses, loss of employee benefits, attorney's fees, costs of suit, and other pecuniary losses not presently ascertained, in an amount to be proved at trial.

15. Plaintiff avers and alleges that as a further direct and proximate result of said alleged acts, Plaintiff has suffered, continues to suffer, and likely will suffer in the future, diminished health status and mental anguish, more particularly described as follows:

severe emotional distress, embarrassment, worry, fear associated with a significantly diminished health status, sleeplessness, depression, discomfort, and severe anxiety.

16.   Plaintiff is informed and believes and thereon alleges that Defendant Joanne Partridge, by engaging in the aforementioned alleged acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying an award of punitive/exemplary damages in an amount to be determined at trial, weighed by the egregiousness of the conduct, the gravity of the malicious intent, the net worth of the Defendant, the amount that would discourage the Defendant from repeating the same or similar conduct in the future against Plaintiff or others who are similarly situated, and other factors prescribed by law.  Further, Plaintiff is informed and believes and thereon alleges that punitive damages are warranted because of Defendant's utter disregard for established public policy prohibiting intrusion into, misuse, and abuse of an individual's highly personal confidential health information and exclusion of an individual from his group medical benefits, as well as state and federal laws suggesting standards imposed by criminal and civil penalties intended to discourage similar acts, omissions, and violations.

## VIII. Demand for Jury

17.   Plaintiff demands a jury trial and tender the appropriate fee with this Petition.

## IX. Prayer

18.   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant Joanne Partridge be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of Plaintiff against Defendant, in an amount in excess of the minimum jurisdictional limits of this Court, for actual/compensatory damages; special

and general damages; punitive damages; costs of court; pre- and post-judgment interest at the highest rate allowed by law; and for such other and further relief in law or equity to which Plaintiff may be justly entitled.

## X.  Request for Disclosure

**19.**  Plaintiff may obtain disclosure from Defendant of the information or material listed in Texas Rule of Civil Procedure 194.  Texas Rule of Civil Procedure 215 provides for enforcement of Rule 194.  Accordingly, pursuant to Rule 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this Request, the following information or material described in Rule 194.2:

(a)  the correct names of the parties to the lawsuit;

(b)  the name, address, and telephone number of any potential parties;

(c)  the legal theories and, in general, the factual bases of Defendant's claims or defenses;

(d)  the name, address, and telephone number of persons having knowledge of relevant facts and a brief statement of each identified person's connection with the case;

(e)  any indemnity and insuring agreements, described in Rule 192.3(f), under which any person, entity, or insurer may be liable to satisfy part or all of a judgment rendered in this lawsuit or to indemnify or reimburse for payments made to satisfy the judgment;

(f)  any settlement agreements, described in Rule 192.3(g), specifically, the existence and contents of any relevant portions thereof;

(g)  any witness statements as described in Rule 192.3(h) ("statement" means a written statement signed or otherwise adopted or approved in writing by the person making it, or a stenographic, mechanical, electrical, or other type of recording, such as electronic, audio, or video, of a witness's oral statement or any substantially verbatim transcription of such a recording); and

(h)  the name, address, and telephone number of any person who may be designated as a responsible third party.

8

Respectfully submitted,

Law Offices of Lin L. Blansit

By: _____

      Lin L. Blansit
      Texas State Bar No. 02458500

1411 West Avenue, Suite 200
Austin, Texas 78701-1537
Telephone 512/499-0900
Telecopier 512/474-5594

ATTORNEYS FOR PLAINTIFF

Cause No. D-1-GN-08-001363

| | | |
|---|---|---|
| JOHN DOE,<br>    Plaintiff | * | IN THE DISTRICT COURT |
| | * | |
| v. | | |
| | * | OF TRAVIS COUNTY, TEXAS |
| THERESA LEFLORE,<br>DINA STREET,<br>JOYCE ERFURDT, and<br>JOANNE PARTRIDGE,<br>    Defendants | * | |
| | * | |
| | * | THE 53rd JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOHN DOE, Plaintiff under pseudonym in the above-styled and numbered cause, filing this, his Original Petition, complaining of Defendants in their individual capacities, and would respectfully show the Court as follows:

### I.  Discovery Control Plan

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 because the amount in controversy exceeds $50,000, excluding costs, pre-judgment interest, and attorney's fees.

### II.  Parties

2. Plaintiff, John Doe, [hereinafter "Doe"], is an individual who comes forward under a pseudonym to protect against public disclosure of highly confidential medical information that could subject Plaintiff to the same or similar misconduct in the future as alleged herein. Plaintiff is a permanent resident of Travis County, Texas.

3. Defendant Theresa LeFlore is an individual sued in her individual capacity. She may be served with process at Administaff, 4101 Interwood North Parkway #100, Houston, Texas 77032-3864.

4. Defendant Joyce Erfurdt is an individual sued in her individual capacity,  She may be served with process at Franklin Bank, 9800 Richmond, Suite 680, Houston, Texas 77042.

# EXHIBIT "B"

5. Defendant Dina Street is an individual sued in her individual capacity. She may be served with process at Administaff, 19001 Crescent Springs Drive, Kingwood, Texas 77339-3802.

6. Defendant Joanne Partridge is an individual sued in her individual capacity. She resides in Travis County, Texas, and may be served with process at Franklin Bank, 1701 W. Parmer Lane, Suite 100, Austin, Texas 78727.

### III. Jurisdiction and Venue

7. All defendants are residents of the State of Texas and do business in Travis County, Texas. All or part of the acts giving rise to this cause of action occurred in Travis County, Texas. The damages suffered include, but are not limited to, personal injuries caused and occurring in Travis County, Texas.

### IV. Allegations of Fact

8. The parties' connection arises from their employment relationship. On or about December 9, 2005, Administaff Companies II, L.P. ("Administaff") and Franklin Bank, S.S.B. ("Franklin Bank"), as joint employers (collectively referred to as "employer" herein), hired Plaintiff to be the bank president of Franklin's new Parmer Lane Branch. At the time this cause of action arose, Plaintiff was President of the North Austin (Parmer Lane) Branch of Franklin Bank, Defendant Theresa LeFlore was the Administaff HR liaison for Franklin Bank, Defendant Joyce Erfurdt was the Senior Vice President of Human Resources for Franklin Bank, Defendant Dina Street was Administaff's plan administrator for Franklin Bank, and Defendant Joanne Partridge was Senior Vice President of Administration for Franklin Bank.

9. On April 21, 2006, Plaintiff's supervisor, Joanne Partridge, entered Plaintiff's Intensive Care Unit at St. David's Hospital in Austin, Travis County, Texas, and read his confidential medical chart while Plaintiff was incapacitated and unable to prevent her from observing his medical condition or from reading his medical chart. Plaintiff's medical chart contained highly personal confidential information regarding his disability.

10. From and after April 21, 2006, Plaintiff's supervisor, Joanne Partridge and others in management, including but not limited to, Defendants Theresa LeFlore, Joyce Erfurdt, and Dina Street began harassing Plaintiff in connection with his highly personal information.

11. On or about May, 2006, Defendants became aware of Plaintiff's health insurance claims related to his disability and his Medicare coverage. Plaintiff began having difficulty with his health insurance company paying his claims and coordinating benefits with his Medicare coverage. Plaintiff's insurance claims contained highly confidential personal medical information indicating a serious health condition.

12.   Said Defendants, acting separately or in conspiracy, thereafter commenced a course of conduct that repeatedly misused and exploited Plaintiff's highly personal health information and his medical condition, intruding upon his private life and professional life, embarrassing, humiliating, and unnecessarily distressing Plaintiff, and causing serious consequences to Plaintiff's health status.

13.   In December, 2006; January, 2007; and July, 2007, Defendants harassed Plaintiff about medically-related leave.

14.   Plaintiff reported complaints about the harassment and the failure to remediate problems.  Defendants continued with the same course of conduct.

15.   On or about May 16, 2007, Plaintiff's assistant manager had her last day of employment, having resigned due to workplace harassment. Coincidentally on that same day, Plaintiff was given a written disciplinary notice instigated by Defendants for alleged violations that he did not commit.

16.   On or about June 28, 2007, Plaintiff resigned his position as bank branch president effective August 3, 2007, because the working environment had become intolerable to any reasonable person and was unnecessarily and significantly affecting his health.

17.   On or about July 3 and 9, 2007, Plaintiff notified his supervisor, Joanne Partridge, that he would have a serious medical procedure performed and would be out on medical leave July 16-17, 2007.

18.   Plaintiff had earned several days of vacation and sick leave that had been unused as of July 12, 2007.

19.   On or about July 12, 2007, Defendant Partridge told Plaintiff that there was no need for him to continue to come to the office but assured him that he would be fully paid through August 3, 2007.  Plaintiff was not fully paid through August 3, 2007.

20.   On or about July 30, 2007, Plaintiff attempted to fill a medical prescription but was denied for lack of insurance.  As a result of Plaintiff's inquiry regarding his not having insurance, he learned for the first time that he had been discharged on July 12, 2007.  Plaintiff's employee benefits, including but not limited to, his health insurance and flex account were cancelled as of July 12, 2007.

21.   As a result of such acts and omissions, Plaintiff has suffered economic, physical, and mental damages.  Plaintiff has lost wages and employee benefits, loss of earning capacity, damage to reputation, and other consequential losses.   Plaintiff's medical condition deteriorated and required additional treatment.   Plaintiff suffered stress, anxiety, depression, sleeplessness, distress, mental anguish, and fear, among other things.

3

## V. First Cause of Action: Negligence

22. Plaintiff pleads a cause of action against Defendants Joanne Partridge, Theresa LeFlore, Dina Street, and Joyce Erfurdt for negligence. The allegations contained in all of the paragraphs of this Petition, in particular paragraphs 8 through 21, are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth at length.

23. On the occasions in question, Defendants Partridge, LeFlore, Street, and Erfurdt owed a duty to Plaintiff to exercise reasonably prudent and ordinary care in their relationship with Plaintiff and in Plaintiff's personal life and professional life. Said Defendants violated this duty by negligently misusing Plaintiff's highly personal information, including but not limited to, information or gossip about his medical condition, and by failing to act as a reasonably prudent person would have under the same or similar circumstances, including but not limited to, entering into Plaintiff's ICU room, reading Plaintiff's medical chart, disclosing highly personal information to third parties who did not have Plaintiff's permission to receive such information, and using Plaintiff's highly personal information about his medical condition and health status to threaten, intimidate, or otherwise distress Plaintiff, directly or indirectly, alone or in conspiracy with the other Defendants, or any of them.

24. A reasonably prudent person would not have engaged in the conduct described herein in this Petition.

25. As a direct and proximate result of such acts and omissions, Plaintiff has suffered damages. Plaintiff has been directly and legally caused to suffer actual damages for bodily injury and economic losses including, but not limited to, serious health consequences, past and future loss of earnings, loss of earning capacity, damage to reputation, costs of medical expenses, loss of employee benefits, attorney's fees, costs of suit, and other similar pecuniary and nonpecuniary losses not presently ascertained, in an amount to be proved at trial, the sum of such damages exceeding the minimum jurisdictional requirements of this Court.

26. As a further direct and proximate result of said alleged acts, Plaintiff has suffered, continues to suffer, and likely will suffer in the future diminished health status and mental anguish, more particularly described as follows: severe emotional distress, embarrassment, worry, fear associated with a significantly diminished health status, sleeplessness, depression, discomfort, and severe anxiety, the sum of such damages exceeding the minimum jurisdictional requirements of this Court.

## VI. Second Cause of Action: Gross Negligence

27. Plaintiff pleads a cause of action against Joanne Partridge, Dina Street, Joyce Erfurdt, and Theresa LeFlore for gross negligence. The allegations contained in all of the paragraphs of this Petition, in particular paragraphs 8 through 21, are hereby reaverred

and realleged for all purposes and incorporated herein with the same force and effect as if set forth at length.

28.   Defendants Partridge, Erfurdt, Street, and LeFlore were grossly negligent by misusing Plaintiff's medical condition and his highly personal health information in a manner and to such an extent so as to interfere with his medical care and cause him personal and professional harm, bodily injury, emotional distress, and economic distress, which caused additional mental anguish and distress.

29.   Said Defendants proceeded with this course of conduct or inaction despite the obvious danger to Plaintiff—despite the fact that said Defendants well knew that their grossly negligent conduct would in all likelihood unreasonably expose Plaintiff to such an obvious danger.   Clear and convincing evidence proves said Defendants acted willfully, or with such an entire want of care indicating a conscious indifference to the rights or welfare of Plaintiff that the actions of said Defendants were heedless and reckless.  Given the willful and/or conscious indifference of these Defendants, Plaintiff is entitled to punitive damages.

## VII.  Third Cause of Action:  Invasion of Privacy

30.   Plaintiff pleads a cause of action against Defendants Theresa LeFlore, Dina Street, and Joyce Erfurdt for invasion of privacy. The allegations contained in all of the paragraphs of this Petition, in particular paragraphs 8 through 21,  are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth at length.

31.   Defendants LeFlore, Street, and Erfurdt intentionally invaded Plaintiff's mental and physical solitude, seclusion, and private affairs by intentionally engaging in the conduct alleged herein and reaverred and by acquiring highly personal information that Plaintiff was compelled to disclose or from others, disclosing Plaintiff's highly personal information to third parties who did not have Plaintiff's permission to receive such information or were not privileged, and berating and harassing Plaintiff in a manner and to an extent that would tend to harm him in his private life and professional life. Plaintiff had a reasonable expectation of privacy in his private affairs and with his highly personal information.  Defendants did not have a legitimate business reason to harass Plaintiff in numerous was and to use Plaintiff's highly personal information in an abusive manner.

32.   Said Defendants intended such acts for the purpose of invading the Plaintiff's privacy.   Said acts were offensive, embarrassing, objectionable, and unreasonably invaded the privacy of the Plaintiff and would have offended any reasonable person.

33.   Such acts were made without consent, permission, or privilege.  As a direct and proximate result of said acts, Plaintiff has suffered and will suffer past, present, and future mental distress and anguish.

34.    As a direct and proximate result of said Defendant's actions, inactions, customs, practices, and policies, and said Defendant's invasion of Plaintiff's rights to privacy, Plaintiff has suffered damages in excess of the minimum jurisdictional limits of this Court, more particularly described in paragraphs 21, 25, and 26 in this Petition.

## VIII.  Punitive Damages

35.    Plaintiff is informed and believes and thereon alleges that Defendants, by engaging in the aforementioned alleged acts relating to negligence, gross negligence, or invasion of privacy, either acting alone or in conspiracy, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying an award of punitive/exemplary damages in an amount to be determined at trial, weighed by the egregiousness of the conduct, the gravity of the malicious intent, the net worth of the Defendants, the amount that would discourage the Defendants from repeating the same or similar conduct in the future against Plaintiff or others who are similarly situated, and other factors prescribed by law.  Further, Plaintiff is informed and believes and thereon alleges that punitive damages are warranted because of Defendants' utter disregard for established public policy prohibiting intrusion into, misuse, and abuse of an individual's highly personal confidential health information and interference with medical care, as well as state and federal laws suggesting standards imposed by criminal and civil penalties intended to discourage similar acts, omissions, and violations.

## IX.  Mental Anguish

36.    As a consequence of the foregoing facts demonstrating negligence, gross negligence, or invasion of privacy, and the willful and malicious nature of the wrongs committed against the Plaintiff, Plaintiff has suffered and will suffer past, present, and future severe mental anguish, for which he pleads to recover at trial.  The damages for said mental anguish exceed the minimum jurisdictional limits of this Court.

## X.  Demand for Jury

37.    Plaintiff demands a jury trial and tender the appropriate fee with this Petition.

## XI.  Prayer

38.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of Plaintiff against Defendants, jointly and severally, in an amount in excess of the minimum jurisdictional limits of this Court, for actual/compensatory damages; special and general damages; punitive damages; costs of court; pre- and post-judgment interest at the highest rate allowed by law; and for such other and further relief in law or equity to which Plaintiff may be justly entitled.

## XII.   Request for Disclosure

39.  Plaintiff may obtain disclosure from Defendant of the information or material listed in Texas Rule of Civil Procedure 194.  Texas Rule of Civil Procedure 215 provides for enforcement of Rule 194.  Accordingly, pursuant to Rule 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this Request, the following information or material described in Rule 194.2:

    **(a)** the correct names of the parties to the lawsuit;

    **(b)** the name, address, and telephone number of any potential parties;

    **(c)** the legal theories and, in general, the factual bases of Defendant's claims or defenses;

    **(d)** the name, address, and telephone number of persons having knowledge of relevant facts and a brief statement of each identified person's connection with the case;

    **(e)** any indemnity and insuring agreements, described in Rule 192.3(f), under which any person, entity, or insurer may be liable to satisfy part or all of a judgment rendered in this lawsuit or to indemnify or reimburse for payments made to satisfy the judgment;

    **(f)** any settlement agreements, described in Rule 192.3(g), specifically, the existence and contents of any relevant portions thereof;

    **(g)** any witness statements as described in Rule 192.3(h) ("statement" means a written statement signed or otherwise adopted or approved in writing by the person making it, or a stenographic, mechanical, electrical, or other type of recording, such as electronic, audio, or video, of a witness's oral statement or any substantially verbatim transcription of such a recording); and

    **(h)** the name, address, and telephone number of any person who may be designated as a responsible third party.

Date:  April 21, 2008

                        Respectfully submitted,

                        Law Offices of Lin L. Blansit

                        By: _____

                              Lin L. Blansit
                              Texas State Bar No. 02458500

1411 West Avenue, Suite 200
Austin, Texas 78701-1537
Telephone:  512/499-0900
Telecopier:  512/474-5594

ATTORNEYS FOR PLAINTIFF

## PHYSICIAN'S STATEMENT

RE: Under pseudonym of John Doe     DOB: 3/12/1956     S.S.# ending in 3190

This patient and his medical records were identified using his DOB and Social Security Number. I am basing this statement on my personal observations, medical opinion, clinical testing, and medical records:

**1.** I was Mr. Doe's primary treating physician between December 8, 2005, and July 13, 2007. I have personal knowledge that these medical facts apply to that time period:

**2.** Mr. Doe's diagnoses are HIV/AIDS, Avascular Necrosis, and heart disease. He is a long-term survivor of AIDS and has developed multiple symptoms and diagnoses. He has a severely compromised immune system and bone/joint & cardiac weakness. His lack of physical stamina & resilience impairs his physical ability to tolerate stressors.

**3.** Based upon his HIV/AIDS diagnosis and combined diagnoses, Mr. Doe has a *permanent physical impairment that substantially limits his major life activities.* For example,

*He is unable to work in non-sedentary jobs, jobs that require physical exertion of a slightly moderate to high level, jobs that require him to do his work while standing, and jobs that require frequent or prolonged periods of severe mental stress.

*He also has lifting, walking, and standing restrictions that limit his ability to work.

*His social interaction and personal relationships are severely negatively impacted due to the nature of HIV/AIDS as a dreaded communicable disease, the social stigma and fear associated with it, and his vulnerability to infections and communicable diseases.

**4.** Mr. Doe's treatment requires some absences from work and primarily involves medications, medication adjustments, clinical testing, medical procedures, and surgeries. He has a history of joint replacements and heart disease.

_____     Tx. Medical License # _H12YY_

Gary Werntz, M.D., Red River Family Practice Clinic

### Verification

STATE OF TEXAS                    *

COUNTY OF TRAVIS               *

SUBSCRIBED BY AND SWORN TO by Gary Werntz, M.D., who on this day personally appeared before me and properly identified himself to me, and being duly

## EXHIBIT "C"

sworn upon his oath, deposed and said that he had read the above and foregoing statement and that the facts contained therein are true and correct, which witness my hand and official seal on this 23d day of _June_____, 2008.

_Frances Ramirez_
_____
Signature of Notary Public In and For the State of Texas



Printed Name of Notary Public:
_Frances Ramirez_
_____

(Seal)

Commission Expires: _09-17-2011_

## Procedural History

On June 4 2007, Plaintiff filed administrative agency charges based on disability discrimination by his co-employers, Franklin Bank and Administaff.

On June 19, 2007, the perfected Discrimination Charges were filed.

On June 21, 2007, Plaintiff's Discrimination Charges were transferred to the EEOC, San Antonio Field Office.

On August 28, 2007, Plaintiff amended his EEOC Charges to include retaliation as well as discrimination occurring after he filed his initial Charges.

On October 1, 2007, the parties mediated Plaintiff's EEOC Charges with Franklin Bank represented by its Deputy General Counsel Debra Ruby and Joyce Erfurdt and Administaff represented by human resource manager Kerry McMahon.

On or about November 1, 2007, through February 22, 2008, the EEOC conducted an expedited investigation of the Charges requested by Plaintiff. Franklin Bank and Administaff were represented by the law firm of Goode Casseb Jones Riklin Choate & Watson.

On February 25, 2008, Plaintiff received a Right to Sue against both Franklin Bank and Administaff, based upon the expedited investigation.

**Lawsuit #1:** On March 10, 2008, Plaintiff filed his "Original Petition with Jury Demand and Request for Disclosures" against Defendant Joanne Partridge in Travis County District Court, 345th Judicial District, Cause No. D-1-GN-08-000838, for invasion of privacy that included misuse of highly confidential medical information. *Doe v. Partridge*

On March 12, 2008, Defendant Partridge was served with process. *Doe v. Partridge*

On April 4, 2008, Defendant Partridge filed her "Notice of Removal" of the invasion of privacy claim to federal court alleging a federal question preemption. *Doe v. Partridge* (1:08-CV-0261LY).

On April 11, 2008, Defendant Partridge filed her Original Answer with specific Admissions and Denials to every allegation. *Doe v. Partridge*

**Lawsuit #2:** On April 21, 2008, the Travis County District Clerk rejected paper filing of the "Original Petition," including a Request for Disclosure against Defendants LeFlore, Erfurdt, and Street for invasion of privacy and against them and Partridge for negligence and gross negligence for misuse of highly confidential medical information, among other things; *John Doe v. Theresa LeFlore, Dina Street, Joyce Erfurdt, and*

# EXHIBIT "D"

*Joanne Partridge,* Cause No. D-1-GN-08-001363 in the 53rd Judicial District Court of Travis County, Texas.

On April 21, 2008, Plaintiff filed his Motion to Remand his state law case (*Doe v. Partridge)* back to the 345th Judicial District of Travis County, Texas, to be consolidated with *Doe v. LeFlore et al..*

**Lawsuit #3:**   On April 21, 2008, Plaintiff filed suit in federal court against Franklin Bank, Administaff, and the managers (LeFlore, Erfurdt, and Partridge) as the companies' representatives for disability discrimination, discriminatory retaliation, and vicarious liability; Case No. A08-CA-293LY, Western District of Texas, Austin Division. *Doe v. Franklin Bank et al*

On April 21, 2008, *Doe v. LeFlore et al* was filed electronically and the "Original Petition" with Request for Disclosures was accepted by the Clerk.

On April 23, 2008, Defendant Dina Street was served with process. *Doe v. LeFlore et al*

On April 23, 2008, Plaintiff's counsel mailed waivers of summons to all defendants in the federal discrimination case, giving them a maximum of 60 days to file their answers. *Doe v. Franklin Bank et al*

On April 24, 2008, Defendant Joyce Erfurdt was served with process. *Doe v. LeFlore et al*

On April 24, 2008, Plaintiff's counsel contacted Defendant's counsel and requested available dates in May for Defendant Joanne Partridge's oral deposition. *Doe v. Partridge*

On April 25, 2008, Defendant Theresa LeFlore was served with process. *Doe v. LeFlore et al*

On April 28, 2008, Defendant Joanne Partridge was served with process. *Doe v. LeFlore et al*

On April 28, 2008, Franklin Bank executed and returned its waiver of summons for the federal discrimination case. *Doe v. Franklin Bank et al*

On May 7, 2008, Franklin Bank Corp. was added as a party to the federal discrimination case by way of First Amended Complaint. *Doe v. Franklin Bank et al*

On May 16, 2008, Defendants Partridge, LeFlore, Erfurdt, and Street filed their answers to *Doe v. LeFlore et al.*

On May 20, 2008, Plaintiff's counsel contacted Defendants' counsel requesting and suggesting convenient dates in June for the oral depositions of Defendants Street, Erfurdt, and LeFlore. *Doe v. LeFlore et al*

On May 21, 2008, Defendants' counsel informed Plaintiff's counsel that response would not be made that week as requested. *Doe v. LeFlore et al*

On May 27, 2008, Plaintiff served John Doe's Requests for Admission and Interrogatories to Joanne Partridge via FAX. *Doe v. LeFlore et al*

On May 27, 2008, Defendants' counsel informed Plaintiff's counsel that she intended at some point in the future to file a motion seeking to stay discovery and prosecution of *Doe v. LeFlore et al.*

On May 27, 2008, Defendants' counsel also informed Plaintiff's counsel that she intended to take Plaintiff's oral deposition in the federal discrimination case before Defendants' could be deposed pursuant to Plaintiff's prior informal notices and requests for available dates. Defendant neither suggested dates for Plaintiff's deposition or requested any.

On May 27, 2008, Plaintiff sent notices of Defendants' oral depositions as follows:  Dina Street on June 6, 2008, Joyce Erfurdt on June 9, 2008, and Theresa LeFlore on June 13, 2008. *Doe v. LeFlore et al*

On May 27, 2008, Plaintiff's counsel contacted Defendants' counsel reminding her of the order of depositions that had been established through written communications with Defendants' counsel, including Defendants' prior counsel, Kyle Watson.

On May 28, 2008, U.S. Magistrate Robert Pitman filed a 10-page Report and Recommendation to Judge Lee Yeakel recommending granting Plaintiff's motion to remand the suit against Defendant Partridge for invasion of privacy back to the Travis County District Court. *Doe v. Partridge*

On May 29, 2008, Plaintiff's counsel conferred with Defendants' counsel and was informed that Defendants would not appear for their depositions and Defendants' counsel would not discuss available alternative dates. *Doe v. LeFlore et al*

On May 29, 2008, Defendants filed and served their respective motions to quash their depositions on June 6, 9, and 13, 2008. *Doe v. LeFlore et al*

On May 29, 2008, Plaintiff obtained the hearing setting for his motion to compel for June 12, 2008. *Doe v. LeFlore et al*

On May 30, 2008, Plaintiff's counsel received correspondence from Defendants' counsel and Plaintiff's counsel responded informed opposing counsel that Plaintiff's medical condition is made worse by delays.

On June 3, 2008, Plaintiff filed this Motion to Compel Oral Deposition. *Doe v. LeFlore et al*

On June 4, 2008, Defendants' filed their Motion to Stay. *Doe v. LeFlore et al*

On June 11, 2008, Defendants filed their Response to Plaintiff's Motion to Compel Defendants' Oral Deposition. *Doe v. LeFlore et al*

On June 12, 2008, Plaintiff filed his hearing Brief on Objections to Defendants' Motion to Stay *Doe v. LeFlore et al.*

On June 12, 2008, the hearing on Plaintiff's Motion to Compel and Defendants' Motion to Stay was conducted and Judge Strauss ruled against Plaintiff and for Defendants without citing any legal authority and resulting in a stay of entire lawsuit, including discover. *Doe v. LeFlore et al*

On June 13, 2008, Plaintiff filed his motion for rehearing and reconsideration of Judge Strauss' order granting stay of lawsuit, including all discovery. *Doe v. LeFlore et al*

On June 16, 2008, Plaintiff's counsel's letter to Judge Strauss regarding Plaintiff's motion for rehearing and reconsideration of June 12th ruling. *Doe v. LeFlore et al*

On June 16, 2008, Defendant Street's answers to Plaintiff's Request for Disclosures were due. *Doe v. LeFlore et al*

On June 17, 2008, Judge Strauss FAXed a letter to counsel allowing additional evidence and briefing on Plaintiff's Motion to Compel and Defendants' Motion to Stay. *Doe v. LeFlore et al*

On June 17, 2008, Defendant Erfurdt's answers to Plaintiff's Request for Disclosures were due but not served. *Doe v. LeFlore et al*

On June 18, 2008, Defendant LeFlore's answers to Plaintiff's Request for Disclosures were due but not served. *Doe v. LeFlore et al*

On June 19, 2008, U.S. District Judge Yeakel signed Order on Report and Recommendations in *Doe v. Partridge*.

On June 20, 2008, U.S. District Judge Yeakel signed Order Remanding Cause in *Doe v. Partridge* and Clerk sent it to Travis County District Clerk via certified mail.

On June 21, 2008, Defendant Partridge's answers to Plaintiff's Request for Disclosures were due but not served. *Doe v. LeFlore et al*

On June 23, 2008, Franklin Bank SSB and Administaff answers were due in federal discrimination but Rule 12 motions were filed instead. *Doe v. Franklin Bank et al*

On June 30, 2008, Defendant Joanne Partridge's answers to Plaintiff's requests for admission and interrogatories were due but not served. *Doe v. LeFlore et al*

July 7, 2008, Defendant Franklin Bank Corp.'s answer is due in federal discrimination case. *Doe v. Franklin Bank et al*

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s) |
|---|---|
| X FEPA | 650-07-331 |
| X EEOC | 36A-2007-00333 |

**Austin Equal Employment/Fair Housing Office** and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| ▓▓▓▓▓▓▓▓▓▓ | | 03-12-1956 |

Street Address: ▓▓▓▓▓▓▓▓ **Austin, TX 78758**   City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Co |
|---|---|---|
| **FRANKLIN BANK** | **500 or More** | **(512) 490-6658** |

Street Address: **1702 W. Parmer Lane, Austin, TX 78754**

| Name | No. Employees, Members | Phone No. (Include Area Co |
|---|---|---|
| **FRANKLIN BANK   ATT: Glenn Mealy, EVP – Human Resources** | **500 or More** | **(713) 339-8911** |

Street Address: **9800 Richmond, Suite 680, Houston, TX 77042**

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **04-21-2006** Latest **06-15-2007**
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On April 21, 2006, my supervisor visited me in the hospital and read my medical chart and found out about my illness.
Since this date, she and others in management have treated me differently and have harassed me.
My supervisor has excluded me from branch meetings, has excluded me from factual e-mails especially those dealing with the building of my branch, has never given me a performance review and is never consistent when she makes a decision regarding something that I ask.
I believe that her inconsistency in answering my questions is not only harassing me but setting me up for disciplinary action.
On May 16, 2007, I was given a written disciplinary notice for alleged violations that I did not commit.
My non-disabled subordinate was responsible for a couple of the incidents and he was not disciplined.

I therefore believe that I have been discriminated against because I have a record of being disabled in that I am being treated differently, harassed and disciplined in violation of the Americans with Disabilities Act of 1990 and Texas Commission on Human Rights Act, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements
Irma E. Madrigal

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the above is true and correct.

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 10/19/07

6/19/07 Date    Charging Party Signature


IRMA E. MADRIGAL
Notary Public, State of Texas
My Commission Expires
May 20, 2011

EXHIBIT "E"

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | 650-07-331 |
| [X] EEOC | 36A-2007-00333 |

**Austin Equal Employment/Fair Housing Office** and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| ▓▓▓▓▓▓▓▓▓▓▓▓▓ | | 03-12-1956 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| ▓▓▓▓▓▓▓ Austin, TX 78758 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **FRANKLIN BANK** | 500 or More | (512) 490-6658 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 1702 W. Parmer Lane, Austin, TX 78754 | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION   [ ] AGE   [X] DISABILITY   [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-21-2006    Latest: 07-30-2007

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s).):

See amendment on page 2 of this charge.

*SIGN & DATE*

OFFICIAL SEAL
Joy M. Maez
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires 09-26-09

I want this charge filed with both the EEOC and the State or local Agency, if any. I
will advise the agencies if I change my address or phone number and I will cooperate
fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to
the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

| 8/27/07 ▓▓▓▓▓▓▓▓▓▓ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) August 28, 2007 |
|---|---|
| Date        Charging Party Signature | ▓▓▓ M. Maez |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | 650-07-331 36A-2007-00333 amende |

Austin Equal Employment/Fair Housing Office                          and EEOC
_State or local Agency, if any_

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**AMENDMENT:**

On June 28, 2007, I gave my notice of resignation from the position of bank president effective August 3, 2007.

On July 9, 2007, I notified my direct supervisor that I would be having a medical procedure done and would be on sick leave July 16, 2007 and July 17, 2007.

On July 12, 2007, the same supervisor told me that I there was no need for me to continue to come to the office but assured me that I would be paid through August 3, 2007.

On July 30, 2007, I attempted to file a medical prescription but was denied for lack of insurance. As a result of my inquiry regarding why I had no insurance, I leaned for the first time that I had been discharged on July 12, 2007. I had no notice from Respondent that my insurance had been cancelled until I received a COBRA notice on August 3, 2007.

A non-disabled management official was allowed to work through her resignation date with full benefits.

I believe that I have been discriminated against and retaliated against for filing this extant EEOC charge, both in violation of The Americans with Disabilities Act of 1990.

|  |  |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements **OFFICIAL SEAL** **Joy M. Maez** NOTARY PUBLIC STATE OF NEW MEXICO My Commission Expires: 09-26-09 |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 8/27/07 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) August 28 2007 |

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA | 650-07-330 |
| | [X] EEOC | 36A-2007-00331 |

**Austin Equal Employment/Fair Housing Office** and EEO
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) ████████████ | Home Phone (Incl. Area Code) | Date of Birth 03-12-1956 |
|---|---|---|
| Street Address ████████████  **Austin, TX 78758**     *City, State and ZIP Code* | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name **ADMINISTAFF** | No. Employees, Members **500 or More** | Phone No. (Include Area Co **(512) 490-6658** |
|---|---|---|
| Street Address **1701 W. Parmer Lane, Suite 100, Austin, TX 78727**     *City, State and ZIP Code* | | |
| Name **Administaff    att: Theresa LeFlore** | No. Employees, Members **500 or More** | Phone No. (Include Area Co **(888) 917-9038** |
| Street Address **4101 Interwood N. Parkway #100, Houston, TX 77032**     *City, State and ZIP Code* | | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| [ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN<br>[ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] OTHER (Specify below.) | Earliest **04-21-2006**   Latest **06-15-2007**<br>[X] CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Since April 21, 2006, I have been treated differently in my employment and harassed by my immediate supervisor.
My supervisor read my medical chart on this day while I was in the hospital and found out about my illness.
I have been excluded from branch meetings, have been excluded from factual e-mails especially dealing with the bank branch being built, have never received a performance review and have never received a consistent decision by my manager.
I believe that her inconsistencies are in an effort not only to harass me but to set me up for disciplinary action.

On May 16, 2007, I was given a written disciplinary notice for alleged violations that I did not even commit. My non-disabled subordinate was responsible for a couple of the incidents mentioned yet that individual was not disciplined.

I believe that I have been discriminated against because I have a record of being disabled in that I have been treated differently, harassed and disciplined in violation of the Americans with Disabilities Act of 1990 and Texas Commission on Human Rights Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements *Irma E. Madrigal* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT ████████████ |
| **6/19/0**  ████████████<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS  IRMA E. MADRIGAL (month, day, year)  Notary Public, State of Texas  6/19/07  My Commission Expires May 20, 2011 |

orm 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | 650-07-330 |
| [X] EEOC | 36A-2007-00331 |

**Austin Equal Employment/Fair Housing Office** and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth: |
|---|---|---|
| ▓▓▓▓▓▓▓▓▓▓▓▓ | | 03-12-1956 |

Street Address                                                City, State and ZIP Code
▓▓▓▓▓▓▓▓▓▓ **Austin, TX 78758**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code |
|---|---|---|
| **ADMINISTAFF** | **500 or More** | **(512) 490-6658** |

Street Address                                                City, State and ZIP Code
**1701 W. Parmer Lane,  Suite 100,  Austin, TX 78727**

| Name | No. Employees, Members | Phone No. (Include Area Code |
|---|---|---|
| | | |

Street Address                                                City, State and ZIP Code

---

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

| [ ] RACE | [ ] COLOR | [ ] SEX | [ ] RELIGION | [ ] NATIONAL ORIGIN |
|---|---|---|---|---|
| [X] RETALIATION | [ ] AGE | [X] DISABILITY | [ ] OTHER *(Specify below.)* | |

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| **04-21-2006** | **07-30-2007** |

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

See amendment on page 2 of this charge.

SIGN & DATE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| X  9/2/07     ▓▓▓▓▓▓▓▓▓▓▓▓<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

| EEOC Form 5 (5/01) | | |
|---|---|---|

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | 650-07-331 |
| [X] EEOC | 36A-2007-00331 amende |

## Austin Equal Employment/Fair Housing Office

*State or local Agency, if any*                                    and EEOC

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)).

## AMENDMENT:

On June 28, 2007, I gave my notice of resignation from the position of bank president effective August 3, 2007.

On July 9, 2007, I notified my direct supervisor that I would be having a medical procedure done and would be on sick leave July 16, 2007 and July 17, 2007.

On July 12, 2007, the same supervisor told me that I there was no need for me to continue to come to the office but assured me that I would be paid through August 3, 2007.

On July 30, 2007, I attempted to file a medical prescription but was denied for lack of insurance. As a result of my inquiry regarding why I had no insurance, I leaned for the first time that I had been discharged on July 12, 2007. I had no notice from Respondent that my insurance had been cancelled until I received a COBRA notice on August 3, 2007.

A non-disabled management official was allowed to work through her resignation date with full benefits.

I believe that I have been discriminated against and retaliated against for filing this extant EEOC charge, both in violation of The Americans with Disabilities Act of 1990.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 9/17/07 X | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
AUSTIN DIVISION

JOHN DOE,                     *
   Plaintiff

                            *

v.                           CIVIL NO. A08-CA-293LY
                            *

FRANKLIN BANK, S.S.B.,
FRANKLIN BANK CORP.,
ADMINISTAFF COMPANIES II, L.P.,  *    JURY DEMAND
THERESA LEFLORE AS
REPRESENTATIVE OF           *
ADMINISTAFF COMPANIES II, L.P.,
JOYCE ERFURDT AS          *
REPRESENTATIVE OF
FRANKLIN BANK, S.S.B.,  FRANKLIN  *
BANK CORP. AND  ADMINISTAFF
COMPANIES II, L.P.,  and         *
JOANNE PARTRIDGE AS
REPRESENTATIVE OF FRANKLIN    *
BANK, S.S.B, FRANKLIN BANK
CORP. AND ADMINISTAFF        *
COMPANIES II, L.P.,
   Defendants               *

**ORDER DENYING THE MOTIONS FOR MORE DEFINITE STATEMENT
FILED BY DEFENDANTS FRANKLIN BANK SSB, ADMINISTAFF
COMPANIES II LP , AND REPRESENTATIVES THERESA LEFLORE, JOYCE
ERFURDT, AND JOANNE PARTRIDGE**

On this day came on to be considered the following motions: Defendant Franklin

Bank, S.S.B.'s Motion for a More Definite Statement under FRCP 12(e); Defendant

Administaff Companies II, L.P.'s Motion for More Definite Statement under FRCP

12(e); Defendant Teresa LeFlore's Motion for More Definite Statement under FRCP

12(e); Defendant Joyce Erfurdt's Motion for More Definite Statement under FRCP 12(e);

and Defendant Joanne Partridge's Motion for More Definite Statement.  The Court

having examined the motions and Plaintiff's Collective Response Opposing Defendants'

Separate Motions for More Definite Statement, Plaintiff's Request to Proceed under Pseudonym, and Plaintiff's Request for Protective Order, and any responses thereto, is of the opinion that Defendants' Motions should be denied and Plaintiff's request to proceed under pseudonym and for a protective order should be granted. The Court finds that Defendants will not be prejudiced by Plaintiff proceeding under a pseudonym, the Plaintiff would be required to disclose information of the utmost intimacy if not allowed to proceed under a pseudonym, the Plaintiff would risk suffering the injury identified if not allowed to proceed under a pseudonym, and that there are no less drastic means of protecting the legitimate special privacy interests of Plaintiff than to allow him to proceed under a pseudonym.

IT IS THEREFORE ORDERED, Defendant Franklin Bank, S.S.B.'s Motion for a More Definite Statement under FRCP 12(e); Defendant Administaff Companies II, L.P.'s Motion for More Definite Statement under FRCP 12(e); Defendant Teresa LeFlore's Motion for More Definite Statement under FRCP 12(e); Defendant Joyce Erfurdt's Motion for More Definite Statement under FRCP 12(e); and Defendant Joanne Partridge's Motion for More Definite Statement are denied; Plaintiff's request to proceed under the pseudonym of John Doe is granted; and, Plaintiff's request for the standard Western District of Texas Protective Order is granted. All other relief requested under the subject pleadings and not hereby granted, is denied.

Date Signed: _____

_____

The Honorable Lee Yeakel, Presiding

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN        DIVISION

JOHN DOE,
    **Plaintiff**

    §
    §
    §

**vs.**
    §    NO.  A08-CA-293LY
    §

**FRANKLIN BANK SSB,  ET AL**
    **Defendants**
    §
    §
    §

## PROTECTIVE ORDER

Upon motion of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

1.    All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

2.    "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise.  In designating information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designation only as to the information that it in good faith believes contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like, shall not be classified.

3.    "Qualified Persons," as used herein means:

    a.    Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

    b.    Actual or potential independent technical experts or consultants who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information to such persons and who have signed a document agreeing to be bound by the terms of

this protective order (such signed document to be filed with the Clerk of this Court by the attorney retaining such person);

   c.    The party or one party representative (in cases where the party is a legal entity) who shall be designated in writing by the party prior to any disclosure of "Confidential" information to such person and who shall sign a document agreeing to be bound by the terms of this protective order (such signed document to be filed with the Clerk of this Court by the party designating such person); and

   d.    If this Court so elects, any other person may be designated as a Qualified Person by order of this Court after notice and hearing to all parties.

4.    Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5.    Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") for a period of thirty (30) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential" and/or "For Counsel Only" (or "Attorneys'

Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

6.   a.   "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a) and (b) above.

b.   Copies of "For Counsel Only" (or "Attorneys' Eyes Only") information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s). Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraph 3(b) above, shall be maintained only at the offices of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

c.   Each party's outside counsel shall maintain a log of all copies of "For Counsel Only" (or "Attorneys' Eyes Only") documents which are delivered to any one or more Qualified Persons of Paragraph 3 above.

7.   Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

Documents to be inspected shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by the producing party.

8.   Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information, irrespective of which party produced such information.

9.   A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so

shall not preclude a subsequent challenge thereto.  In the event any party to this litigation disagrees at any state of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies.  If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").  The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

10.    Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only") information except information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that either:

a.    is in the public domain at the time of disclosure, as evidenced by a written document;

b.    becomes part of the public domain through no fault of the other party, as evidenced by a written document;

c.    the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

d.    the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11.    In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information used therein shall be filed under seal with the Court.

12.    The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated in whole or in part

as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by a party to this action.

13.     Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

14.     Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party in the possession of any of the persons qualified under Paragraphs 3(a) through (d) shall be returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial.  As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) there shall be no restriction on documents that are used as exhibits in Court, unless such exhibits were filed under seal, and (b) a party may seek either the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

15.     This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

16.     Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

SIGNED this the _____ day of _____.


_____
UNITED STATES DISTRICT JUDGE

-5-