IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | A-08-CA-293 LY |
| | § | |
| FRANKLIN BANK, S.S.B.; | § | |
| FRANKLIN BANK CORP.; | § | |
| ADMINISTAFF COMPANIES II, L.P.; | § | |
| THERESA LEFLORE AS | § | |
| REPRESENTATIVE OF FRANKLIN | § | |
| BANK, S.S.B., FRANKLIN BANK CORP. AND | § | |
| ADMINISTAFF COMPANIES II, L.P.; | § | |
| JOYCE ERFURDT AS | § | |
| REPRESENTATIVE OF FRANKLIN | § | |
| BANK, S.S.B., FRANKLIN BANK CORP. | § | |
| AND ADMINISTAFF COMPANIE8 II, | § | |
| L.P.; AND JOANNE PARTRIDGE AS | § | |
| REPRESENTATIVE OF FRANKLIN | § | |
| BANK, S.S.B., FRANKLIN BANK CORP. | § | |
| AND ADMINISTAFF COMPANIES II, | § | |
| L.P., | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Teresa LeFlore's Motion to Dismiss under FRCP 12(b)(6)

and Motion for More Definite Statement under FRCP 12(e), filed June 23, 2008 (Clerk's Dkt. #11);

Defendant Joanne Partridge's Motion to Dismiss under FRCP 12(b)(6) and Motion for More Definite

Statement under FRCP 12(e), filed June 23, 2008 (Clerk's Dkt. #12); Defendant Joyce Erfurdt's

Motion to Dismiss under FRCP 12(b)(6) and Motion for More Definite Statement under FRCP 12(e),

filed June 23, 2008 (Clerk's Dkt. #13); Defendant Franklin Bank, S.S.B.'s Partial Motion to Dismiss

under FRCP 12(b)(6) and Motion for More Definite Statement under FRCP 12(e), filed June 23,

2008 (Clerk's Dkt. #14); Defendant Administaff Companies II, L.P.'s Partial Motion to Dismiss under

FRCP 12(b)(6) and Motion for More Definite Statement under FRCP 12(e), filed June 23, 2008 (Clerk's Dkt. #15); Plaintiff's Collective Response Opposing Defendants' Motions for More Definite Statement under FRCP 12(e), Plaintiff's Request to Proceed under Pseudonym, and Plaintiff's Request for Protective Order filed July 2, 2008 (Clerk's Dkt. #29); Plaintiff's Collective Response to the Motions to Dismiss under FRCP 12(b)(6) of Defendants LeFlore, Erfurdt, and Partridge and Plaintiff's Motion for Leave to File Second Amended Complaint, filed July 7, 2008 (Clerk's Dkt. #30); Defendant Franklin Bank Corp.'s Motion to Dismiss under FRCP 12(b)(6) and Motion for More Definite Statement under FRCP 12(e), filed July 7, 2008 (Clerk's Dkt. #32); Plaintiff's Response Opposing Defendant Franklin Bank Corp.'s Motion to Dismiss under FRCP 12(e), filed July 8, 2008 (Clerk's Dkt. #34); Plaintiff's Response Opposing Franklin Bank Corp.'s Motion to Dismiss under FRCP 12(b)(6), filed July 14, 2008 (Clerk's Dkt. #35); Defendants' Reply to Plaintiff's Collective Response Opposing Defendants' Motions for More Definite Statement under FRCP 12(e) and Response to Plaintiff' s Request to Proceed under Pseudonym and for Protective Order, filed July 14, 2008 (Clerk's Dkt. #36); Plaintiff's Reply to Defendant's Response to Plaintiff's Requests to Proceed under Pseudonym and for a Standard Protective Order, filed July 18,2008 (Clerk's Dkt. #37); Defendants Franklin Bank, S.S.B. and Administaff Companies, L.P.'s Reply to Plaintiff's Collective Response to Defendants' Partial Motions to Dismiss under FRCP 12(b)(6), and Response to Plaintiffs Request for Leave to File Second Amended Complaint, filed July 18, 2008 (Clerk's Dkt. #38); Defendants' Reply to Plaintiff's Collective Response to the Motions to Dismiss under FRCP 12(b)(6) of Defendants LeFlore, Erfurdt, and Partridge, and Response to Plaintiff's Motion for Leave to File Second Amended Complaint, filed July 18, 2008 (Clerk's Dkt. #39); Defendant Franklin Bank Corp.'s Reply to Plaintiff's Response to Defendant's Motion to Dismiss under FRCP 12(b)(6), filed July 25, 2008 (Clerk's Dkt. #40); and Plaintiff's July 28, 2008 letter to the Court.   The motions were referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b), Rule 72 of the

Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.  After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

## I. BACKGROUND

Plaintiff John Doe ("Doe") filed this action naming as defendants Franklin Bank, S.S.B.; Franklin Bank Corp. (collectively "Franklin"), Administaff Companies Ii, L.P. ("Administaff"); Theresa LeFlore ("LeFlore") as representative of Franklin and Administaff, Joyce Erfurdt ("Erfurdt") as representative of Franklin and Administaff, and Joanne Partridge ("Partridge") as representative of Franklin and Administaff.

Plaintiff alleges he was employed by Administaff and Franklin, co-employers, as the president of the Parmer Lane branch of Franklin Bank on or about December 9, 2005. Partridge, as Franklin Bank Senior Vice President, was his supervisor.  (Plf. 1st Am. Compl. ¶¶ 12 & 16).  Doe asserts he is a qualified individual with a disability who was able to perform the essential functions of his job with or without reasonable accommodation.  (*Id*. ¶¶ 10 & 15).

Doe alleges on or about April 21, 2006 Partridge entered the Intensive Care Unit at St. David's North Austin Medical Center and read his private medical chart, containing highly confidential medical information regarding his disability while he was incapacitated.  Defendants became aware of Plaintiff's health insurance claims related to his disability and his Medicare coverage.  (*Id*. ¶¶ 16-17).

According to Plaintiff, thereafter Partridge and others in management, including LeFlore and Erfurdt, began treating him differently and harassing him.  He alleges the managers:

> acting separately or in conspiracy, thereafter commenced a course of conduct that repeatedly interfered with Defendant's ability to do his job and resulted in serious consequences to his health status.  For example, Plaintiff was excluded from branch bank meetings and from factual e-mails especially those dealing with the

> building of the new bank branch, not provided with a performance review in accordance with company policy, and repeatedly subjected to inconsistent decisions and instructions from management, his direct supervisor, Joanne Partridge, in particular.  Plaintiff was thereby repeatedly misinformed so as to set him up for disciplinary action and cause unnecessary and unreasonable stress and exacerbate his health status.

(*Id.* ¶ 19).

Plaintiff further alleges that, on or about May 16, 2007, he was given a written disciplinary notice for violations committed not by him, but by another non-disabled employee and Plaintiff's non-disabled supervisor.  (*Id.* ¶ 20).  In June, 2007, Plaintiff filed disability discrimination charges against his employers.  Plaintiff states that, on or about June 28, 2007, he resigned his position, effective August 3, 2007 because his working environment had become intolerable.  (*Id.* ¶¶ 21-22).

On or about July 3 and July 9, 2007, Plaintiff notified Partridge that he anticipated taking medical leave July 16-17, 2007, for a serious medical procedure.  On or about July 12, 2007, Partridge told Plaintiff there was no need for him to continue to come to the office, but assured him he would be fully paid through August 3, 2007.  Plaintiff alleges he later discovered he was discharged effective July 12, 2007.  He further alleges a non-disabled manager was allowed to work through her resignation date with full benefits.  (*Id.* ¶¶ 25-27).

Plaintiff asserts Defendants' conduct was a violation of the Americans with Disabilities Act ("ADA").  (*Id.* ¶¶ 31-37).  Plaintiff alternatively asserts Defendants' actions constituted disability discrimination in violation of Texas Commission on Human Rights Act ("TCHRA").  (*Id.* ¶¶ 38-45).  Plaintiff also pleads causes of action against Partridge, LeFlore and Erfurdt, in their representative capacities, for negligence, gross negligence and invasion of privacy.  (*Id.* ¶¶ 46-58).  Doe additionally asserts a cause of action against Franklin and Administaff for vicarious liability arising from the acts of Partridge, Erfurdt and LeFlore.  (*Id.* ¶¶ 59-67).  Doe alleges as a result he has suffered damages including lost wages and benefits, loss of earning capacity, damage to reputation, additional medical treatment, mental anguish, attorney's fees, and costs of court.  He

further contends Defendants' conduct was willful and malicious, entitling him to punitive damages. (*Id*. ¶¶ 30, 68-69 & 72).

Each of the defendants has now filed separate motions to dismiss.  They seek dismissal of all or some of Plaintiff's claims for failing to state a claim.  Each also has filed a motion for more definite statement, seeking to compel Plaintiff to identify himself rather than continue to litigate this action under the pseudonym "John Doe."  Plaintiff has responded to the arguments on the merits and has also sought leave to file an amended complaint in an attempt to resolve certain of the issues raised by Defendants.  The motions are now ripe for determination.

## II.  MOTIONS FOR MORE DEFINITE STATEMENT

Each of the defendants has filed a motion for more definite statement.  They ask the Court to order Plaintiff John Doe to replead as a party in interest and identify his true identity.  Defendants maintain that such identification is required under the Federal Rules of Civil Procedure and further contend they are unable to properly defend themselves against an unidentified plaintiff.  Plaintiff asserts the defendants are fully aware of his identity, due to the long history of administrative and other legal proceedings preceding this action, and further contends disclosure of his identity would interfere with a substantial privacy interest.

As a general matter, a complaint must state the names of all parties.  *See* FED. R. CIV. P. 10(a) (title of the complaint must name all parties); FED. R. CIV. P. 17(a) ("[e]very action shall be prosecuted in the name of the real party in interest").  *See also Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n.2 (3rd Cir. 2008) (acknowledging use of pseudonyms to conceal plaintiff's identity has no explicit sanction in federal rules); *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (there are no rules or statutes allowing parties to proceed under fictitious name); *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979) (neither federal rules nor Title VII make provision for anonymous plaintiffs).  Judicial proceedings

5

are supposed to be open, to enable the proceedings to be monitored by the public.  *See Doe v. Smith,* 429 F.3d 706, 710 (7th Cir. 2005) (interest of public in knowing what judicial system is doing frustrated when any part of litigation is conducted in secret); *Doe v. City of Chicago,* 360 F.3d 667, 669 (7th Cir. 2004) (noting public policy favors identifying parties); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684-85 (11th Cir. 2001) (requirement of disclosure protects public's legitimate interest in knowing the facts involved).   However, courts also uniformly recognize plaintiffs may be excused from identifying themselves in certain circumstances.  *See C.A.R.S.*, 527 F.3d at 371 n.2 (noting Supreme Court has implicitly recognized practice of allowing use of pseudonyms to conceal plaintiff's identity in two abortion cases); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (plaintiffs' privacy interests may excuse identification); *City of Chicago*, 360 F.3d at 669 (presumption that parties' identities are public information is rebuttable); *Femedeer*, 227 F.3d at 1246 (recognizing "exceptional circumstances" may permit party to proceed anonymously); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (noting many courts have permitted anonymous litigation); *Wynne & Jaffe*, 599 F.2d at 712 (noting courts allow plaintiffs to use fictitious names under certain special circumstances).  Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings.  They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.  *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981).  *See also Porter*, 370 F.3d at 560 (citing same factors); *City of Chicago*, 360 F.3d at 669 (concealment of plaintiff's name may be permitted upon showing that harm to plaintiff exceeds likely harm from concealment); *Aware Woman Ctr.*, 253 F.3d at 684 (ultimate test for permitting plaintiff to proceed anonymously is whether plaintiff has substantial privacy right which outweighs  presumption of openness in judicial

6

proceedings); *Advanced Textile*, 214 F.3d at 1067 (parties may use pseudonyms in "unusual case" when nondisclosure of party's identity "is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment"); *Wynne & Jaffe,* 599 F.2d at 712 (use of fictitious names by plaintiffs may be permitted where issues involved are matters of sensitive and highly personal nature).

Plaintiff in this case has alleged conduct on the part of Defendants which was an infringement on his right to privacy concerning medical diagnoses and treatment.  He correctly points out both the federal government, by way of HIPAA, the Health Insurance Portability and Accountability Act, and the State of Texas, in provisions of the Texas Health and Safety Code, have recognized an individual's right to privacy concerning medical diagnoses and other information. Moreover, Plaintiff's complaint makes clear the core of this case is the reaction of his former employer to disclosure of details concerning his medical condition.  He asserts his prior experience makes him reasonably concerned that additional public disclosure of this information could effect his dealings with future employers.  Additionally, Plaintiff characterizes Defendants' contention that their ability to effectively litigate this case would be impaired should he be permitted to proceed under a pseudonym as meritless.   He notes Defendants are in full possession of records concerning his employment and have not established any factual basis for their alleged difficulty in litigating thia action.

The undersigned concludes Doe has presented significant reasons to proceed under a pseudonym.  The issues raised by him concern matters of his own personal health, clearly matters considered intimate.  Moreover, the reaction of his former employer to the revelation of the matters indicates the matters are both significant and sensitive.  Defendants have not shown their asserted need for openness outweighs the potential harm to Plaintiff from disclosure.  Accordingly, Plaintiff's request to proceed under a pseudonym should be granted and Defendants' motions for more definite statement should be denied.  *See Doe v. Porter*, 370 F.3d 558, 560-61 (6th Cir. 2004)

(district court did not err in allowing plaintiffs to proceed under pseudonym where defendants failed to show any interference with their ability to obtain all information necessary for trial, given subject matter of the action plaintiffs to reveal beliefs about religion, a particularly sensitive topic that could subject them to considerable harassment).

### III.  MOTION TO AMEND COMPLAINT

In response to the motions to dismiss, Plaintiff has moved for leave to file his Second Amended Complaint.  A district court has discretion to either grant or deny a motion for leave to amend.  *See Rolf v. City of San Antonio*, 77 F.3d 823 (5th Cir. 1996).  Leave to amend, however, should be "freely given" as required by the Federal Rules of Civil Procedure.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).  *See Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993) (although not automatic, leave to file an amended complaint should be freely given when justice requires).

Plaintiff maintains leave should be granted to permit him to clarify the legal capacity of the parties, their liability for damages, his causes of action and the connection of the parties.  The undersigned notes Defendants LeFlore, Erfurdt and Partridge each move to dismiss Plaintiff's claims asserted against them as improperly brought against them in their representative capacity or as seeking a recovery duplicative of that sought from the other defendants.  Similarly, Franklin Bank Corp. argues it was not Plaintiff's employer and was thus not properly named as a defendant. Franklin Bank S.S.B. and Administaff also argue certain of the claims raised by Plaintiff seek to recover duplicative damages and should be dismissed.

Because Plaintiff seeks leave to amend his complaint to address issues of legal capacity and the connection of the parties, as well as liability for damages, it appears his amendment is intended to address at most if not all of the the issues raised by Defendants.  The undersigned thus concludes Plaintiff should be granted leave to file an amended complaint.

## IV.  MOTIONS TO DISMISS

In light of the permission granted to Plaintiff to file an amended complaint, consideration of the specific arguments raised by Defendants in their motions to dismiss would be premature. Accordingly, the motions to dismiss should be denied, without prejudice to Defendants' reassertion of their defenses after Plaintiff has filed his amended complaint.

## V.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** Defendant Teresa LeFlore's Motion to Dismiss under FRCP 12(b)(6) and Motion for More Definite Statement under FRCP 12(e) (Clerk's Dkt. #11); Defendant Joanne Partridge's Motion to Dismiss under FRCP 12(b)(6) and Motion for More Definite Statement under FRCP 12(e) (Clerk's Dkt. #12); Defendant Joyce Erfurdt's Motion to Dismiss under FRCP 12(b)(6) and Motion for More Definite Statement under FRCP 12(e) (Clerk's Dkt. #13); Defendant Franklin Bank, S.S.B.'s Partial Motion to Dismiss under FRCP 12(b)(6) and Motion for More Definite Statement under FRCP 12(e) (Clerk's Dkt. #14); Defendant Administaff Companies II, L.P.'s Partial Motion to Dismiss under FRCP 12(b)(6) and Motion for More Definite Statement under FRCP 12(e) (Clerk's Dkt. #15); and Defendant Franklin Bank Corp.'s Motion t to Dismiss under FRCP 12(b)(6) and Motion for More Definite Statement under FRCP 12(e) (Clerk's Dkt. #32).   The undersigned **FURTHER RECOMMENDS** that the District Court **GRANT** Plaintiff's Request to Proceed under Pseudonym, and Plaintiff's Request for Protective Order (Clerk's Dkt. #29); and Plaintiff's Motion for Leave to File Second Amended Complaint (Clerk's Dkt. #30).

## Vi.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See*

*Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of September, 2008.

ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE